## C. B. Gones, Appellee, v. Illinois Printing Company et al., Appellants.

### (Not to be reported in full.)

Appeal from the· Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

### Statement of the Case.

Action by C. B. Gones, plaintiff, against Illinois Printing Company, a corporation, J. G. Fisher and Newton Shields, defendants, to recover damages for personal injuries sustained by being run into by an automobile belonging to defendant Fisher. From a judgment for plaintiff for $5,000, defendants appeal.

RALPH M. JINKINS and JOHN H. LEWMAN, for appellants.

WALTER T. GUNN and THOMAS A. GRAHAM, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Gones v. Illinois Printing Co., 205 Ill. App. 5.

## Abstract of the Decision.

1. CORPORATIONS, § 310*—*when declaration in action against servant of corporation for negligence in erecting fence in street insufficient.* In an action to recover damages for personal injuries against several defendants where the only allegation in the declaration as to one defendant was that another defendant, a corporation, had "by and through its servant [said first defendant] erected and maintained" a certain fence in a street which it was alleged had prevented plaintiff from avoiding the third defendant's automobile which ran into plaintiff and injured him, held that such declaration did not charge the first defendant personally with any negligence and failed to state a cause of action against him.

2. MUNICIPAL CORPORATIONS, § 896*—*what are rights of public in street.* While the public has a paramount right to the use of a public street, this right is not absolute but relative.

3. MUNICIPAL CORPORATIONS, § 917*—*what does not constitute an obstruction of street.* In the improvement, erection or repair of buildings and the construction of drains and sewers therefor or of other adjuncts, the placing of building materials in the street preparatory to building on the land is not unlawfully obstructing the street.

4. MUNICIPAL CORPORATIONS, § 1038*—*what is nature of need authorizing placing of building material on street.* The necessity of using a public street for the placing of building material preparatory to improving, erecting or repairing buildings or drains or sewers therefor need not be an absolute but it is sufficient if it be a reasonable one.

5. MUNICIPAL CORPORATIONS, § 1038*—*when leaving of building materials on street not wrongful obstruction.* In an action to recover damages for personal injuries sustained by plaintiff being run into by the automobile of one defendant, which it was alleged plaintiff was unable to avoid because of a certain fence erected by another defendant in the street under a permit from the city to enable such defendant to place building material preparatory to building, the fact that the limit of time fixed in the permit for the obstruction had expired when the accident happened, held not to make such obstruction wrongful, as it was one which such defendant had the right to make without a permit, no ordinance or facts being pleaded showing any such permit was required.

6. MUNICIPAL CORPORATIONS, § 1038*—*when fence in street not proximate cause of injury to bicycle rider by automobile.* In an action to recover damages for personal injuries sustained by plaintiff being run into by the automobile of one defendant which it was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

alleged plaintiff could not avoid because of a certain fence erected by another defendant in the street under a permit from the city for building purposes, where the plaintiff as he was going on his bicycle towards a street intersection where the fence was located could see the automobile two hundred feet away on the cross street and the automobile was proceeding down the middle of the street and plaintiff was struck by it when he was four or five feet beyond the fence, *held* that the fence was not shown to be the proximate cause of the injury.

7. MUNICIPAL CORPORATIONS, § 1038*—*when existence of fence in street after expiration of building permit not proximate cause of injury to bicycle rider by automobile.* Where a fence was erected in the street under a permit for building purposes, the fact that the time limit fixed in it had expired does not make the fence the proximate cause of an injury sustained by a party riding a bicycle being struck by an automobile on an intersecting street where such fence was located, as he was attempting to cross such intersecting street.

8. JUDGMENT, § 200*—*when judgment against several defendants jointly reversed as to all.* A judgment against several defendants jointly, in an action to recover damages for personal injuries, against one of whom no cause of action was set up in the declaration, must be reversed as to all.