Fay Levitan, Appellee, v. Chicago City Railway Company and Calumet & South Chicago Railway Company, Appellants, and Chicago & Western Indiana Railroad Company.

Gen. No. 22,934.     (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed October 9, 1917.

## Statement of the Case.

Action by Fay Levitan, plaintiff, against the Chicago City Railway Company, Calumet & South Chicago Railway Company and Chicago & Western Indiana Railroad Company, defendants, to recover damages for personal injuries sustained by plaintiff while a passenger on a street car owned by defendant Chicago City Railway Company, which collided with a train of cars operated over the right of way of defendant Chicago & Western Indiana Railroad Company. From a judgment for $2,500 for plaintiff, defendants Chicago City Railway Company and Calumet & South Chicago Railway Company appeal. Defendant Chicago & Western Indiana Railroad Company has perfected a separate appeal.

This cause of action arises out of the same accident involved in decisions in *Kittier v. Chicago & W. I. R. Co.*, 203 Ill. App. 439, and *Levitan v. Chicago City Ry. Co.*, 203 Ill. App. 441.

FRANKLIN B. HUSSEY and CHARLES LE ROY BROWN, for appellants; JOHN R. GUILLIAMS, of counsel.

EDWARD J. GREEN and A. H. RANES, for appellee; HARRY F. BREWER, of counsel.

Levitan v. Chicago City Ry. Co. et al., 207 Ill. App. 384.

Mr. Justice McDonald delivered the opinion of the court.

## Abstract of the Decision.

1. Witnesses, § 284*—*when textbook may be used to impeach expert medical witness.* A textbook may be used to impeach an expert medical witness who bases his testimony thereon, but it is not permissible to introduce textbooks, for the purpose of contradicting a witness who makes no mention thereof as a basis for his opinion, and there is no substantial difference between contradicting a witness by reading from textbooks and asking him if he is aware that "the authorities" disagree with his view.

2. Witnesses, § 220*—*what is proper cross-examination of medical witness.* Where the plaintiff in a personal injury action seeks to prove that as a direct result of the injury sustained her eyesight has become impaired to such an extent as to cause her to become cross-eyed, and a medical witness for plaintiff testifies on direct examination that one of the objective symptoms is a twitching of the muscles of the right side of the face, it is proper to cross-examine such witness by asking him whether it was not possible to produce a voluntary twitch.

3. Trial, § 45*—*what remarks of court upon cross-examination of medical witness are improper.* Where the plaintiff in a personal injury action seeks to prove that as a direct result of the injury sustained her eyesight has become impaired so as to cause her to become cross-eyed, and a medical witness testifying on plaintiff's behalf states that he noticed a twitch in the facial muscles as an objective symptom while examining plaintiff, and such witness is properly cross-examined as to whether it was not possible to produce a voluntary twitch, *held* that it was improper for the court to express his opinion as to whether such muscles could be voluntarily twitched.

4. Carriers, § 482*—*when instruction in action by passenger for personal injuries is erroneous as being inapplicable to evidence.* In an action against two street railroad companies and a railroad company to recover damages for personal injuries sustained due to a collision between a car belonging to one of defendant street railroads with a train of the railroad company, *held* that an instruction setting forth the duties of the street railroad as a common carrier, stating that the failure to exercise a degree of care required constitutes negligence, and that if, under the evidence and instructions, the jury found defendants guilty of negligence as charged in the declaration, or some count thereof, and that plaintiff had sustained

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCVII 25

386    APPELLATE COURTS OF ILLINOIS.

Levitan v. Chicago & Western Indiana R. Co., 207 Ill. App. 386.

damages alleged in the declaration or any count thereof, they should find for plaintiff, was erroneous, where two counts averred respectively the violation of the provision of a city ordinance requiring a street railroad to bring its car to a full stop at a point one hundred feet from a railroad crossing, and a provision requiring a speed not to exceed two miles per hour upon approaching railroad crossings, and the alleged violation of the ordinance had nothing to do with the accident and the ordinance involved was not introduced in evidence.

---

**Fay Levitan, Appellee, v. Chicago & Western Indiana Railroad Company, Appellant, and Chicago City Railway Company and Calumet & South Chicago Railway Company.**

**Gen. No. 22,882.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed October 9, 1917.

### Statement of the Case.

Action by Fay Levitan, plaintiff, against the Chicago & Western Indiana Railroad Company, Chicago City Railway Company and Calumet & South Chicago Railway Company, defendants, to recover damages for personal injuries sustained by plaintiff while a passenger on a street car belonging to defendant Chicago City Railway Company, due to a collision between such car and a railway train of defendant Chicago & Western Indiana Railroad Company. From a judgment for $2,500 for plaintiff, defendant Chicago & Western Indiana Railroad Company appeals, defendants Chicago City Railway Company and Calumet & South