## Thomas B. Orear, Appellee, v. Jacksonville Railway & Light Company, Appellant.

1. MUNICIPAL CORPORATIONS, § 917*—*when material may be placed in street.* The mere fact that a street railway and gas company, in order to repair its tracks and mains in the street, excavates in the street and piles the material taken from the excavation therein does not constitute a negligent or wrongful act, as such company has a lawful right to obstruct the street temporarily for the purpose of making needful repairs to its roadway and mains.

2. MUNICIPAL CORPORATIONS, § 1052*—*when walking in street may be evidence of contributory negligence.* While the act of one in proceeding, after alighting from a street car in the dark, along the middle of the street to a point opposite the house which he wished to enter and then crossing to the sidewalk, though there was a depression in the street at such point and brick were piled there, of which condition he knew, and though he gained nothing in distance or convenience by selecting this route instead of using the street crossing, may not have constituted negligence *per se*, it is an evidentiary fact strongly tending to prove such negligence.

3. NEGLIGENCE, § 99*—*when capacity of old person is immaterial in determining contributory negligence.* In an action by a person 80 years of age to recover for personal injuries, where his evidence showed that at the time of the injury he was in good health mentally and physically and the proofs in the record are such as to render accurate instructions on the law essential, it was error to give at plaintiff's request an instruction which permitted the jury to take into consideration his age, capacity and experience, in determining whether plaintiff was guilty of contributory negligence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. MUNICIPAL CORPORATIONS, § 1038*—*liability of individuals for obstructions in streets.* No recovery can be had against a street railway and light company for personal injuries where the only negligence alleged in the declaration is in placing on the curbing and sidewalks brick which had been removed by it in making necessary improvements or repairs to its roadway and mains.

Appeal from the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed April 27, 1920.

BELLATTI, BELLATTI & MORIARTY, for appellant.

THOMPSON & THOMPSON, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellee sued appellant in an action on the case to recover for injuries claimed to have been received on account of the negligence of the latter and obtained a verdict and judgment for $1,250 damages.

The case went to trial under a declaration consisting originally of three counts. At the conclusion of all the evidence the court excluded the same as to the third count and directed a verdict of not guilty as to that count. No cross-error had been assigned by appellee as to this action of the court and that count requires no further consideration.

In the first count it is averred in substance that appellant was, on February 15, 1918, possessed of and operating a street railroad in the City of Jacksonville on a street known as South Main street, and was also then the owner of a gas plant and of certain pipes and mains located under said street; that long prior to the date of the injury appellant was preparing to make or was making improvements or repairs in its railway tracks and gas mains near the intersection of said South Main street with Kentucky

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

street and in so doing wrongfully and negligently caused said street to be torn up and excavated and negligently caused or permitted large quantities of dirt, cinders, gravel, stone, bricks, concrete blocks and other obstructions to be piled up and remain for a long period of time in said street and on or about the curbing thereof in such a manner as to obstruct and render the same unsafe for pedestrians to cross over the same; that appellee on the night of February 15, 1918, at or about the hour of 7:30 o'clock, was a passenger on appellant's street car going south on said Main street to his home; that the car stopped at a point on said street opposite plaintiff's residence, which was the usual place at which passengers were received and discharged and was at or near the place in said street obstructed as aforesaid; that appellee alighted from the car on the east side thereof and attempted to cross said street to the sidewalk on the west side of the same and in front of his house; and while so attempting to cross the street and while in the exercise of due care for his own safety he then and there necessarily and unavoidably tripped and stumbled over and fell upon said bricks, stones and other obstructions in said street and sidewalk and was thereby injured, etc. No duty is alleged in this count, nor that the violation of such was the cause of the injury to appellee. No facts are alleged from which it might be inferred that appellant was guilty of negligence or of the violation of any duty it owed to appellee. The averment that appellant wrongfully and negligently caused said street to be torn up and excavated and thereby negligently caused dirt, cinders, etc., to obstruct the street does not state any actionable negligence. The mere fact that appellant, in order to repair its tracks and gas mains, excavated in the street and piled the material taken from such excavation therein did not constitute a negligent or wrongful act. Appellant had a lawful right to tem-

porarily obstruct the street for the purpose of making needful repairs upon its roadway and gas mains. Even an abutting property owner has a right to temporarily obstruct a part of a street for the making of improvements on his lot. *Tolman & Co. v. City of Chicago*, 240 Ill. 268; *Gones v. Illinois Printing Co.*, 205 Ill. App. 5.

The second count is substantially like the first with the exception that it contains an additional allegation that appellant, well knowing of said dangerous obstructions in the street, wrongfully and negligently permitted them to remain there during the nighttime without guards, signal lights or other warning to the public of the said dangerous condition of the street. There is no averment in this count that appellee's injury was received by reason of the absence of guards or signal lights and no facts are alleged from which such a conclusion can be inferred.

No motion in arrest of judgment was made by appellant and the sufficiency of the declaration has not been challenged but it has been necessary to set it out somewhat at length in order to understandingly pass upon the instructions in view of the evidence introduced under it.

Appellee lived with his sister's family on the west side of South Main street near its intersection with Kentucky street. According to the evidence introduced on behalf of appellee, during the spring and summer of 1918, appellant, after repairing its railway tracks and gas mains, left a pile of bricks partly on the roadway and partly on the curb and sidewalk in front of the house where appellee lived. The street had been paved with brick and in repairing the gas main, which ran along about 3 feet east of the curb, the paving over the gas main had been removed and an excavation made. After the main had been repaired, the excavation had been filled in and the paving brick replaced in the pavement but had sub-

sequently sunk to some extent causing a depression therein, the depth of which is not shown by the evidence. The pile of bricks complained of extended from the west side of this depression to and over the curbing towards the sidewalk. It is claimed by appellee that after these repairs had been made appellant did not remove this pile of old bricks but had left them there scattered on the roadway and piled on the curbing as above mentioned. The proofs also show that there were pieces of old broken cement curbing on the street at the place in question which had been left there by the City of Jacksonville and with which appellant had nothing to do. Appellee at the time of the injury was 80 years of age but testified that before the accident he had been in good health mentally and physically. He was perfectly familiar with the condition of the street as the obstructions were right in front of the house where he lived. On the night in question appellee got on the car on South Main street with the intention of going to his home. The car proceeded south and stopped immediately before it got to Kentucky street, that is, on the near side of the street. The rear or north end of the car, after it stopped, was opposite the house of appellee's sister, where he lived. He testified on direct examination, in part, substantially as follows: "When the car stopped it was right opposite my sister's house. I got off the car at 6:45 or 7:00 o'clock. * * * I got off the street car and when I got to the step I saw it was very dark. I knew the condition of the street—that it was torn up and in bad shape—and I felt my way back of the car to the west side and I began to feel my way with my cane. It was so dark I could not see a thing—not a thing— and when I got near the ditch I felt to see if I could find any brick in there and I stepped in there and finally got on the other side and I partially stumbled and fell upon the sidewalk. * * * That night there

were no lights and it was as dark as pitch. I could see nothing.'' On cross-examination he testified: ''I was in the ditch when I fell. Right at the edge of the ditch. I wasn't on the sidewalk. I was just in the act of stepping out of the ditch. I stepped into a pile of bricks. When I stepped out of the ditch I stepped into a pile of bricks. I stumbled over that pile of bricks and fell. The pile of bricks was on the curbing—on the sidewalk. I fell over them. * * * I did not stumble over the curb. I stumbled—when I stepped out of the ditch onto the street—there is where I fell. * * * There was some loose curbstones that had been broken in the neighborhood there. * * * I did not step on one of those loose curbstones. I stepped out of the ditch and stepped, I suppose, a little deeper and stepped onto the sidewalk. I stepped onto the curb and just then I got into a pile of bricks. * * * I got off the car on the east side at the front end.''

One of the defenses urged on the trial was that appellee was guilty of contributory negligence. Appellee could, with perfect safety after he had gotten off the front end of the car, have walked west on the street crossing to the west side of South Main street and thence north to his sister's house on the sidewalk. Instead of doing this, after he left the car, he walked north in the middle of the street until he came opposite his sister's house and then walked west across the street over this depression and over the pile of bricks. He knew that the depression in the pavement and the bricks were there. It was so dark he could not see anything and he says that he tried to pick his way by feeling with his cane. He gained nothing either in distance or convenience by taking the route he did. While his act in selecting the route he took under the circumstances may not have constituted negligence *per se*, it certainly was an evidentiary fact tending strongly to prove such negligence.

Appellant introduced a large number of witnesses, persons who had been employed on the repair of the tracks and gas mains, who testified positively that after the repairs had been made all the old brick and debris had been hauled away. It is also not improbable under the evidence that appellee might have stumbled over the old pieces of broken curbing instead of over the bricks.

Under the proofs shown by this record it was essential that the jury should have been accurately instructed as to the law. The fifth instruction given on behalf of appellee is as follows: "By ordinary care, the law means such a degree of care under the circumstances, and in the situation in which the plaintiff was then placed, so far as they may be shown by the evidence, as an ordinary prudent person would exercise under the circumstances and in the same situation, for one of his age, capacity and experience." If appellee had been an infant of tender years, such an instruction would have been proper. There is nothing in the proofs tending to show that at the time of the injury appellee was not in the possession of all his faculties both mental and physical. Appellee himself testified that before the injury he could walk for miles, while since that time he is unable to walk more than a quarter of a mile. For persons of maturity and not under mental or physical disability, there is but one rule of law which governs their conduct as to negligence. Under the proofs in this case the jury had no right, in determining whether appellee was guilty of contributory negligence, to measure his age, capacity and experience. The mere fact that he was 80 years of age would not excuse him from exercising that degree of care for his own safety that an ordinarily prudent person would have exercised under like circumstances.

The first instruction given for appellee tells the jury that if they believe from the evidence that ap-

pellant wrongfully and negligently caused the brick to be placed on the curb and sidewalk as alleged in the declaration and permitted the same to remain there and that appellee while in the exercise of due care stumbled and was caused to fall by reason of such negligence then their verdict should be for appellee. This instruction substantially tells the jury that it was negligence on the part of appellant to place the bricks on the curbing and sidewalk. The mere fact that appellant may have placed the bricks on the curbing and sidewalk was not in and itself negligence as has been heretofore shown. The jury are referred to the declaration to ascertain the facts constituting the negligence of appellant, while, as a matter of fact, neither count of the declaration states sufficient facts to charge appellant with negligence. The same criticism applies to the second, third, fourth and seventh instructions given on behalf of appellee.

For the errors indicated the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*