Edward M. Miller, Guardian of Estate of Edward McDonnell, Appellee, v. Chicago Railways Company et al., Appellants.

Gen. No. 26,540.

1. STREET RAILROADS—*when instruction in action for injuries to child reversible error.*   An instruction in an action against street railway companies for injuries to a child less than 3 years old who was struck by a car while attempting to cross the street was reversible error, where the jury were told what were the specific allegations of one of the counts, including averments that it was the duty of the motorman to exercise ordinary care to warn the child of danger by ringing his bell, that he failed to exercise such care, and that such failure was negligence, and that as a proximate result of such negligence the car ran over the child, and the instruction concluded with the words "and if you find from a preponderance of the evidence, under the instructions of the court, that the plaintiff has proved his case, as alleged in this count, then you should find the defendants guilty," where the child was warned by shrieks and motions of little girls whom he was crossing the street to join, the fair inference being that if he saw and heard the girls and paid no attention and did not understand when he was close to danger, he would have paid no attention to the ringing of the bell, and that the ringing would not have influenced his conduct toward avoiding danger.

2. INSTRUCTIONS—*submission of count of declaration under which recovery cannot be had as reversible error.*   It is the settled law that when no recovery can be had under one of the counts of the declaration, it is reversible error to submit that count and tell the jury that proof of it warrants recovery.

3. STREET RAILROADS—*what is question in personal injury action.*   Ordinarily, the question in a personal injury action against a street railway company is not what "could" as a matter of possibility have been discovered by the motorman of the car inflicting the injury, but what "would" have been discovered by him in the exercise of ordinary care.

4. STREET RAILROADS—*when instruction in personal injury action not erroneous.*   An instruction, in a personal injury action against a street railway company, which told the jury that if they found from a preponderance of the evidence that the motorman by using his faculties with ordinary care in looking out for danger "could" have avoided the accident and that he negligently failed to do so,

Miller v. Chicago Railways Co., 224 Ill. App. 468.

they should find the defendant guilty, was not erroneous in using the word "could" instead of "would."

Appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded. Opinion filed April 4, 1922.

CHARLES LEROY BROWN, for appellants; JOHN R. GUILLIAMS and FRANKLIN B. HUSSEY, of counsel.

FINN & MILLER, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment for $15,000 in favor of appellee for personal injuries sustained by appellee's ward, a child 2 years and 8 months old at the time of the accident, from being run over by one of appellants' street cars.

The little boy lived with his parents over his father's saloon at the northwest corner of Thirty-eighth street, which runs east and west, and Halsted street, which runs north and south, Chicago. Thirty-eighth street does not extend east of Halsted. The car in question was southbound on the west track in Halsted. The little boy left a side door of his father's saloon on Thirty-eighth street, walked east and left the sidewalk somewhere between that point and the corner of the curb. On leaving it he walked southeasterly, as claimed by appellants, or about easterly, as claimed by plaintiff, to the point of collision.

It was plaintiff's contention that the motorman in the exercise of ordinary care, such as the circumstances called for, would or should have seen the child in time to have prevented the accident, and much of the argument before this court is devoted to this phase of the case. But we shall not attempt to analyze the conflicting evidence on that subject, and while defend-

ants strenuously insist that it discloses no liability, we cannot concur in that view nor say that the jury's conclusion with respect thereto was manifestly against the weight of the evidence.

The case was tried on four counts of the declaration, one charging negligence in operating and maintaining the street car, two charging negligence in not keeping a lookout for the safety of persons and discovering the child, and the other charging failure to warn plaintiff's ward of danger by ringing the car bell. Plaintiff's evidence rested on two theories. The failure to keep such a lookout, and the failure to ring the bell, and it is urged that the court gave erroneous instructions bearing on both theories.

The only negligence charged in the fourth additional count was a failure to ring the bell to warn the child when it was at or near the track in a position of danger. It is claimed by appellants that no liability could possibly be predicated upon this count as a child of such tender years would in the nature of things be without judgment or knowledge or appreciation of the purpose of such a warning or understand its significance, and reference is made to the abstracted decision to that effect of *Schultz v. Aurora, P. & J. Ry. Co.*, 208 Ill. App. 338, in which we concur. Upon that theory of the count it is urged that certain instructions given at plaintiff's instance were erroneous. Instruction No. 6 informed the jury on which particular counts the case was submitted, including the count charging negligence and failure to ring the bell, and instructed them that it was sufficient if they believed from the preponderance of the evidence, under the instructions of the court, that the plaintiff had proved his case in any one of said counts, by a preponderance of said evidence. Instruction No. 10, given at plaintiff's instance, told the jury what were the specific allegations in said fourth additional count including averments that it was "the duty of the mo-

torman to exercise ordinary care to warn plaintiff's ward of the danger by ringing his bell," that he failed to exercise such care, that such failure was negligence, and that as a proximate result of such negligence the car ran over plaintiff's ward and injured him. After enumerating the several allegations of said count the instruction concluded with these words: "And if you find from a preponderance of the evidence, under the instructions of the court, that the plaintiff has proved his case, as alleged in this count, then you should find the defendant guilty." We think this instruction alone is sufficient to call for a reversal of the judgment. The manifest purpose of the child in crossing the street was to join three little girls playing tag on the opposite side of it. The evidence disclosed that when he was within a few feet of the approaching car these little girls shrieked a warning to him and waved their hands to keep him back, and that although he saw and heard them he paid no attention thereto. His little mind was bent on joining these little girls in play, and we think it is a fair inference that if he paid no attention to and did not understand, as was apparently the case, their excited warnings when he was so close to danger he would, especially as he did not comprehend its significance, have paid no attention to the ringing of the bell. We think it is a matter of common knowledge that a child of that age is not capable of reasoning out its course of conduct, and that the ringing of the bell would not influence its conduct toward avoiding danger. There having been proof that the bell was not rung we think it was misleading and erroneous to tell the jury that there could be a conviction under that count, and to direct a verdict thereon if they believed there was preponderant proof of the several allegations therein. We think it is settled law that when no recovery could be had under one of the counts of the declaration it is reversible error to submit that count and tell the

jury that proof of it warrants recovery. (*Schlauder v. Chicago & Southern Traction Co.*, 253 Ill. 154, 162; *Levitan v. Chicago City Ry. Co.*, 207 Ill. App. 384.)

It is also urged that erroneous instructions were given at plaintiff's request on the duty of the motorman to discover danger in that they in effect tell the jury that if the motorman could possibly have avoided the accident the jury should find the defendants guilty. One of these instructions, No. 7, told the jury that if they found from a preponderance of the evidence that the motorman "by using his faculties with ordinary and reasonable care in looking out for danger, *could* have avoided the accident and that he negligently failed to do so," etc., then they should find the defendants guilty. In this connection a modification of an instruction, No. 29, requested by defendants, is criticized. That instruction told the jury that "street car companies in running their cars along the public street were not required to anticipate that a child *might* suddenly come out upon or toward the track from the sidewalk or curbstone at the side of the street *unless by the exercise of ordinary care the motorman could see that it was about to do so.*" The court substituted the word "might" for the word "would" and added the italicized clause "unless by the exercise of ordinary care," etc. It is urged that instruction No. 7 made as the test whether it was possible for the motorman to avoid the accident, and in connection with the modification of instruction No. 29, made controlling the question whether the motorman could have seen the boy if he looked in the particular direction where the boy was with ordinary care. It is urged that there is a vital distinction between whether the motorman *would* or whether he *should* under the circumstances have directed his eyes in a particular direction; that the instructions carried the implication that if the motorman could by looking in that particular direction have seen the child he was negli-

gent, regardless of whether, in the exercise of ordinary care, his attention might not have been directed to another part of the street, or whether he should have made the particular effort that would have made it possible for him to see the child in time to avert danger. The distinction of meaning between the potential auxiliaries "might," "would," "could" and "should" are too well known to be discussed. The question ordinarily in such a state of facts is not what *could* as a matter of possibility be discovered but what *would* be discovered in the exercise of ordinary care.

While the failure to observe the distinction in these two auxiliaries in certain instructions has been criticized yet, on the other hand, instructions not materially different from instruction No. 7 have been sanctioned. We fail to see any vital distinction to be made in the use of "could" or "would" in that instruction, for if by the exercise of ordinary care one *would* see an object or situation, then by the exercise of such care he *could* see it; and if by the exercise of such care he *could* see it, then by its exercise he *would* see it. We do not think the jury were misled by the subtle distinction that may be drawn in the use of one of these words for the other in that instruction.

The main contention of appellant, however, is that the word "could" in instruction No. 7 was misleading when taken in connection with instruction No. 29 by reason of the improper implication referred to. While such an implication might possibly be said to arise, yet it is so remote that it is improbable the jury subjected the two instructions to an analysis that suggested it.

While, perhaps, the modification of instruction No. 29, as well as instruction No. 9, might convey that it was the motorman's duty to anticipate what *might* have been the movements of the child from the time it was on the sidewalk and had some tendency to mislead them, yet it is enough to base the ground for

reversal on the error in giving instructions Nos. 6 and 10. Accordingly the judgment will be reversed and the cause remanded for a new trial.

                                    *Reversed and remanded.*

GRIDLEY, P. J., and MORRILL, J., concur.