Eddie Jones, Appellee, v. William G. Traver, Appellant.

Gen. No. 8,804.

Opinion filed April 11, 1934. Rehearing denied June 7, 1934. Modified opinion upon petition for rehearing filed June 15, 1934.

LeForgee, Samuels & Miller, for appellant.

H. F. Simonson, Robert P. Vail, Edgar H. Allen, Walker H. Mills and Thos. H. Armstrong, for appellee.

Mr. Justice Davis delivered the opinion of the court.

This suit was instituted by appellee, Eddie Jones, in the circuit court of Macon county to recover damages caused by the negligence of the appellant, William G. Traver, as claimed by appellee, and was tried upon the amended declaration of the appellee, consisting of three counts, to which the plea of the general issue was interposed and resulted in a verdict and judgment in favor of appellee in the sum of $1,550, from which judgment appellant perfected this appeal.

In the first count of his declaration appellee alleges that on May 19, 1930, he was lawfully riding in a certain automobile driven and operated by one Albert Tille in and along East Cantrell street in the City of

Decatur, at or near the intersection of said street with Seventeenth street, he being then and there at all times in the exercise of due care and caution for his own safety, and that the defendant was possessed of a certain large machine, to wit: a trench digger, and the defendant then and there so carelessly and improperly placed said large machine on the traveled portion of said street that by means and in consequence of said negligence and improper conduct of the defendant as aforesaid the automobile in which the plaintiff was then and there riding was caused to strike against and run into said machine with great force and violence, and the plaintiff then and there and by means of the several premises aforesaid sustained many severe hurts, wounds and bruises.

The second count alleges that on May 19, 1930, and prior thereto the defendant was constructing a sewer across East Cantrell street, at or near the intersection of Seventeenth street, two public and common streets in the City of Decatur, and that on said date the defendant had caused to be placed in East Cantrell street on the traveled portion thereof and at or near said intersection a certain large machine, to wit: a trench digger, and in placing said machine the defendant well knew that East Cantrell street was in constant use by the public as a place for public travel, and it thereupon became and was the duty of the defendant to exercise reasonable care in and about adopting means of warning the traveling public on said street of the presence of said machine. Yet the defendant, not regarding his duty in that behalf, caused said machine to be placed as aforesaid without fixing or placing, or causing to be fixed or placed, at or reasonably near the location of said machine any flag, signal light, or other audible or visible warning device, or without giving due and timely notice or warning to persons using said East Cantrell street, to denote or show the presence of said machine. In consequence of the neg-

ligence and improper conduct of the defendant as aforesaid, and on, to wit: May 19, 1930, in the night-time while the plaintiff with all due care and caution for his own safety was riding in a certain automobile driven and operated by Albert Tille, in a westerly direction, along and upon said East Cantrell street, and at or near the intersection of Seventeenth street the automobile in which the plaintiff was then and there riding was caused to strike against and run into said machine with great force and violence, and the plaintiff then and there, by means of the several premises aforesaid, sustained severe hurts, injuries, etc. The third count of the declaration is practically the same as the second.

The principal errors complained of by appellant for reversal of said judgment are as follows: The denying of the motion of the defendant, at the close of plaintiff's case and again at the close of all of the evidence, to instruct the jury to find a verdict of not guilty in favor of the defendant, and in not so instructing the jury as to each separate count of the declaration; that the court erred in admitting improper and incompetent evidence offered on behalf of the plaintiff; that the court erred in refusing to admit proper and competent evidence on behalf of the defendant; that the evidence failed to support the charges of negligence made against the defendant in the declaration; that plaintiff was guilty of contributory negligence; that the verdict is contrary to the law and the evidence; and that the court erred in the giving and refusing of instructions.

The City of Decatur was constructing a sewer, known as The Southeast Sewer, and it was stipulated by and between the parties that, prior to May 19, 1930, said city passed regular ordinances and resolutions authorizing and directing the construction of said sewer system, and had entered into a contract with File and Collins for the construction of said sewer system, and

that the defendant, W. G. Traver, was a subcontractor under said File and Collins for the construction of a portion of the said sewer system, and that at the time in question he was lawfully in pursuit of his duties under the contract with File and Collins. This sewer system was about six miles in length, and both small and large pipes were used, from six inches to 48 inches.

Cantrell street is a paved street, 40 feet in width, extending east and west, and intersects with Seventeenth street which runs north and south. Seventeenth street enters Cantrell street from the north, then jogs to the west about 80 feet, following Cantrell street, and then continues on south. This intersection is in a residential district, and there are homes on both sides of Cantrell and Seventeenth streets. This sewer was laid diagonally across Cantrell street at Seventeenth street, the place where the accident occurred. At this time there was a trench in Cantrell street, 15 or 16 feet in depth and from 12 to 15 feet wide, and the pipe had been laid about three-fourths of the way across Cantrell street.

The machines used by the defendant at this intersection consisted of a Marion clamshell, a Marion trencher and a Schram air compressor. The Marion clamshell weighed about 35 tons and was on a caterpillar truck. It had a cab on it about 10 x 12 feet that revolved on a table with a 40-foot boom extending out to one end, and attached to that is a clamshell bucket for removing dirt. The top of the cab was 14 feet from the ground. This machine, at the time in question, was located about 12 feet west of Seventeenth street and about 8 feet from the north curb, and was on the east side of the excavation, and to the west of the machine the dirt was piled 8 or 10 feet high and 10 feet wide, extending all of the way across Cantrell street. The air compressor was located on the south side of Cantrell street, and east of Seven-

teenth street, and was used in breaking up concrete pavement.

The plaintiff, Eddie Jones, was about 20 years of age at this time, and had got in the automobile being driven by Albert Tille, and with him was one George Etchison. Albert Tille was driving the car, and they all sat in the front seat. It was a Chevrolet, Model 1920, coach. After driving around a while they reached Twenty-second street, on Cantrell, and then drove straight west on Cantrell to Seventeenth.

The plaintiff testified that he was looking straight ahead and that he saw nothing, meaning that he did not see anything to direct his attention to anything that was important, that he did not notice anything in going from Twenty-second street up to Seventeenth street; that he did not see anything and he was looking straight ahead; that the car had depressed lights,— that is, they were the bright lights turned to the ground; that we just had our lights on, driving along; I was looking straight ahead; there was nothing to see only the street; I don't remember seeing any street light; as we approached Seventeenth street I would estimate the speed of the car to be between 25 and 30 miles an hour; I don't remember of seeing any red light; I don't remember of seeing any objects at all in Cantrell street as we approached Seventeenth street. We struck an object, I did not see the object before we struck it.

Albert Tille testified, on behalf of the plaintiff, that he was driving a Chevrolet coach and met Eddie Jones, the plaintiff, and George Etchison and they got into the car; that after driving around a while they entered Cantrell street from Lake Shore Drive, and thence proceeded west on Cantrell street; I had depressed lights and the two headlights were burning, and as we proceeded along Cantrell street about Eighteenth street, and approaching Seventeenth street,

I was not exceeding 26 miles an hour, and looking straight ahead, that I did not see what Mr. Jones was doing at all, but as we approached Seventeenth street I did not see anything, and proceeded west on Cantrell street until we had the accident; immediately before the accident I did not see anything in the way of an object; I hit the ditching machine and that is all I remember until I woke up in the hospital.

George Etchison testified on behalf of the plaintiff that he got into the automobile driven by Albert Tille, and with me was Eddie Jones; we drove around a while and entered Cantrell street; the lights of our automobile were turned on but were depressed; on Cantrell street, from Twenty-second street west, we did not meet many cars. I was sitting in the front seat between Albert Tille and Eddie Jones, Tille was driving the car and Eddie Jones was on my right. We kept going straight west until we got to the ditching machine; from the time we left Twenty-second street until the time of the accident our lights were depressed; we were facing straight ahead as we proceeded west; we were observing right along, was not thinking about anything in particular and we were not talking; I was just looking ahead; I did not see anything, I saw no barricade or red light and saw no signs; it was dark; I did not know that the car was about to strike any object, and did not know it struck any object until after I was in the hospital.

In addition to the occupants of the car, all of whom have suits pending against appellant, several witnesses testified on behalf of appellee, most of whom lived in the vicinity of the place of the accident, and some of whom testified that they did not see any barricades east of Seventeenth street on Cantrell street, and some of whom testified that they saw lights on the east side of the machine which was in Cantrell street, near Seventeenth street.

Payton Halpenstein, a witness for appellant, testified that he was assistant superintendent of construction and that they reached Cantrell street from the south a week before the date of the accident and that, as the work neared and started into Cantrell street, he went personally to the fire chief of the city and notified him the street would be closed, and went to the police station and notified them, and then went to the office and telephoned all the funeral homes having ambulances, and also notified the Illinois Power & Light Co., which operated busses, about the street being closed. He testified that there was no driving east and west on Cantrell street except people who lived within the barricades; that on the night in question there was a barricade at Eighteenth street, which is about 300 feet east of the intersection of Seventeenth and Cantrell streets; it had two "A" forms, two horses made out of two-by-fours, and a two-by-four 18 feet long. It was placed north and south across Cantrell street at Eighteenth street. Upon this was a detour sign pointing south. There was also a sign at Nineteenth street, and at Sixteenth street west of Seventeenth street was a barricade and also one at the first street north of this intersection.

Several witnesses were examined on behalf of appellant and from their testimony it appears that at the time in question there was a red light on the east end of the machine that stood in Cantrell street; that barricades were erected east of this machine on which lights were displayed and that a night watchman was employed and stationed near this machine whose duty it was to keep the lights burning, and that these lights were visible for quite a distance east of Seventeenth street. Mrs. Lillian Watts and her then husband, Claire Sober, were seated in an automobile a block and a half east of the place of the accident, and testified that their car faced west; that the machine was visible and also several lanterns that were red; that

as they sat there a car passed them, being driven west, and was traveling at the rate of 55 to 60 miles per hour; that her eyes followed the car until it smashed into the obstacles in the road. Claire Sober also testified and corroborated the witness, Lillian Watts, both of whom had from 7 to 10 years' experience in driving cars and were able to judge the speed of the same.

In our opinion the manifest weight of the evidence is that a red lantern was attached to the east end of the machine, and there was also a red lantern hanging on the barricade which was from 12 to 15 feet east of the rear end of the trench machine and that these red lights were plainly visible to any one approaching the intersection from the east, and that plaintiff could have seen them by the exercise of ordinary care and should have warned Tille, the driver of the car, of the danger.

It is a well settled rule of law that it is the duty of a passenger in a vehicle, where he has an opportunity to learn of danger and to avoid it, to warn the driver of the vehicle of the approaching danger, and he has no right, because someone else is driving, to omit reasonable and prudent efforts on his own part to avoid danger. *Dee v. City of Peru,* 343 Ill. 36; *Pienta v. Chicago City Ry. Co.,* 284 Ill. 246; *Flynn v. Chicago City Ry. Co.,* 250 Ill. 460; *Grifenhan v. Chicago Rys. Co.,* 299 Ill. 590.

The first count of the declaration charges that the defendant was possessed of a large machine, to wit: a trench digger, and carelessly and improperly placed it on the traveled portion of said street and that by means and in consequence of such negligence and improper conduct of the defendant the automobile was caused to run into the same.

At the conclusion of the plaintiff's case and again at the close of all the evidence the defendant presented a written motion asking the court to exclude the evi-

dence and give to the jury an instruction in writing, which was tendered with said motion, to find the defendant not guilty as to the first count of the declaration. The motion was denied by the court and the instruction marked refused. The proof failed to support the averments contained in that count of the declaration, and the court should have instructed the jury that the plaintiff could not recover under said count.

It was stipulated by the parties that the defendant at the time in question was lawfully engaged in the pursuit of his duties under the contract with File and Collins, and the evidence discloses that at this time said sewer was being constructed across Cantrell street.

The court not only submitted the issue presented by said count to the jury, but after having instructed the jury as to what was charged in each of the three counts of the declaration, also further instructed the jury as follows:

"The court instructs the jury that the defendant has entered a plea of not guilty to each of the several counts filed by the plaintiff.

"The court further instructs the jury that if the jury believe from the preponderance of the evidence in this case that the plaintiff has proven by a preponderance of the evidence the allegations and charges made by the first, second or third counts of the said second amended declaration, or any one or more of said counts, it will be the sworn duty of the jury to find the defendant guilty."

Under the admitted facts the submission by the court to the jury of the issue presented by said first count and the giving of this instruction was error.

In the case of *Tolman & Co. v. City of Chicago,* 240 Ill. 268, it was held that while the paramount right to the use of the streets is in the public, yet such

right is not an absolute one, but is subject to such incidental and temporary or partial obstruction of the street by others as manifest necessity may require. If this were not so public improvements in streets could never be made.

The owner of a lot bordering upon a street has a right to make all proper and reasonable use of such part of the street as may be necessary for the erection and repair of buildings, not inconsistent with the rights of the public to the use of the street. *McCormick v. South Park Com'rs,* 150 Ill. 516. This question has been passed upon by this court in the cases of *Gones v. Illinois Printing Co.,* 205 Ill. App. 5; and *Orear v. Jacksonville Railway & Light Co.,* 217 Ill. App. 563.

It is insisted by appellee that the third count of the declaration alleges a good and sufficient cause of action and that it is amply supported by the proof, and therefore the verdict of the jury should be allowed to stand; that one good count in a declaration, which is supported by the evidence, will sustain a verdict and judgment, although other counts in the declaration may not be supported by the evidence.

Appellee, by stipulating that the defendant at the time in question was lawfully engaged in the pursuit of his duties as a subcontractor, conceded that no recovery could be had under the first count of the declaration because the defendant in the prosecution of his contract and the construction of the sewer had a right to place his trench digger on the traveled portion of said street and for that reason would not be guilty of careless or improper conduct by the mere placing of the same on said street as charged in said count, and the contention of appellee that a verdict will not be set aside if supported by one good count does not apply, the court having given said instruction for appellee based on the first count of the dec-

laration directing a verdict and which, under the stipulated facts, would not support a verdict. Under this instruction the jury might believe that appellant was not guilty under the second and third counts of the declaration and yet could find him guilty under the first count. *Hunt v. Illinois Southern Ry. Co.*, 196 Ill. App. 539.

The court committed an error in giving this instruction and the defendant preserved an exception and assigned error in his motion for a new trial. If no recovery can be had under one of the counts of the declaration it is reversible error to submit that count and tell the jury that proof of it warrants recovery. *Miller v. Chicago Rys. Co.*, 224 Ill. App. 468, 471.

It is urged by appellant that the court erred in refusing to admit the testimony of the witnesses, Cochinaner and Johnson, to the effect that they observed the speedometer on the car in which plaintiff was riding, after the accident, and that it registered a speed of 60 miles per hour and that this testimony corroborated the opinion of the witnesses, Watts and Sober. The only testimony in the record concerning the speedometer is the testimony of the driver of the car, Tille, in which he stated that while driving west on Cantrell street he observed the speedometer and that it was registering 25 or 26 miles per hour. There is no testimony in the record to show what happened to the speedometer when the car was wrecked or as to what kind of a speedometer it was or how it operated. We are of opinion that the court committed no error in the exclusion of this offered testimony.

The evidence shows that the car was considerably damaged, and the photographs of the car taken after the accident together with the oral testimony as to the condition of the car was some evidence that the car was being driven at a high rate of speed when it

struck the trench digger. *Elgin, A. & S. Traction Co. v. Wilson,* 217 Ill. 47; *Johnson v. Gustafson,* 233 Ill. App. 216.

For the errors indicated the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*

Upon consideration of petition for rehearing opinion is modified and a rehearing denied.