**Luther Stevens and Clarence Stevens, Appellants, v. Ralph Kasten and Albert Kasten, Appellees.**

**Term No. 50–0–2.**

423

Opinion filed February 2, 1951.
Rehearing denied February 28, 1951. Released for publication February 28, 1951.

G. Edmond Cook, of Madison, and Fred P. Schuman, of Granite City, for appellants.

James L. Reed, of Edwardsville, for appellees.

Mr. Presiding Justice Scheineman delivered the opinion of the court.

Plaintiffs brought this suit for damages for personal injuries received by both of them in an automobile collision, between a Ford and a Chevrolet, which occurred on a curve in the road. The Ford was driven by plaintiff, Luther Stevens, and Clarence Stevens was riding with him as a guest. The Chevrolet was driven by Ralph Kasten as agent and servant for his father, Albert Kasten, both of whom are defendants.

The jury found for the defendants. A special interrogatory was given at the request of defendants, but the jury failed to answer it. The trial court overruled

a motion for a new trial and entered judgment on the verdict, from which plaintiffs appeal. The pertinent assignments of error are: the verdict is contrary to the manifest weight of the evidence; the special interrogatory was not in proper form; the court erred in instructing the jury; and the arguments to the jury by defense counsel were improper.

The testimony of defendant, Ralph Kasten, was that he drove around the curve at a speed of 25 miles per hour, entirely on his side of the road, that plaintiffs' car came around the curve partly on the wrong side, causing a head-on collision. He was corroborated by a man who lived opposite the curve. He heard the crash and looked up in time to see the two cars fall into position from "up in the air." He went immediately to the scene, and his version is that defendant's car was on its side of the road, while plaintiffs' was astride the middle of the road.

The two plaintiffs and a third party riding with them gave a version of the occurrence just the reverse of defendant's. They were corroborated by a man who came on the scene some time later. More than an hour after the event, a photograph was taken of the cars, but it is disputed as to whether they had been moved in the meantime.

██ While the plaintiffs had more witnesses, that cannot be the sole factor in determining the weight of the evidence. The position of the witnesses, their opportunities to observe and their interest were important factors. In our opinion, it was strictly the province of the jury to determine which set of witnesses was the more credible and reasonable. *Cochran v. Koller*, 310 Ill. App. 91.

██ Appellants' objection to the special interrogatory, given at the request of the defense, is that it pertains to an evidentiary fact, as distinguished from an ultimate fact. Assuming this is true, then it

had no effect on the result of the case. It was merely a question, not an instruction. If the question was proper, the answer would control the general verdict. If improper, then the answer could not control the general verdict even if inconsistent therewith, and the court may disregard such answer and enter judgment on the verdict. *Wicks v. Cuneo-Henneberry Co.*, 319 Ill. 344; *Devine v. Federal Life Ins. Co.*, 250 Ill. 203; *Ebsery v. Chicago City R. Co.*, 164 Ill. 518. Moreover, the jury did not answer the question, and was not required to do so, which leaves the case in the same condition as though the special interrogatory had been refused in the first place. *Griffith v. American Coal Co.*, 78 W. Va. 34, 88 S. E. 595; *Elgin, J. & E. R. Co. v. Raymond*, 148 Ill. 241.

 Appellants make some objections to instructions pertaining to plaintiff, Luther Stevens, but the authorities cited are not in point, and need not be discussed. There is more ground for the criticism of instructions pertaining to the other plaintiff, Clarence Stevens, who was conceded to be a guest in his father's car. At defendants' request, an instruction was given as to the duty of a guest to use due care for his own safety.

 Of course, it is a rule of law that a guest must exercise ''due care'' for his own safety, but the standard of conduct is not the same as that for the driver, and ordinarily is a question of fact for the jury. *Lasko v. Meier*, 327 Ill. App. 5; *Bliss v. Knapp*, 331 Ill. App. 45. For this reason, instructions which purport to set forth specific conduct on the part of the guest as being required by law, are not usually approved. A guest may be free from contributory negligence under some facts and circumstances, although engaged in looking at the scenery, reading, or even sleeping. Restatement, Torts II, sec. 495c.

426

The instruction here involved did leave the standard of conduct to the jury, but contained references to a possible duty to observe and to warn. While we disapprove such a form, we are of the opinion it was not misleading under the evidence in this case. It was undisputed that the guest was looking and saw the approaching car, but there was only about a second elapsed between the first view and the moment of impact. The interval of time was an element to be considered which was mentioned in the instruction. Under the evidence, we cannot regard the giving of this instruction as reversible error. Objection was also made to the use of the phrase ''proximately contribute,'' but this phrase has the approval of the courts. *Buehler v. White,* 337 Ill. App. 18, 24. Also to the use of the auxilliary verb ''could'' instead of ''would.'' The effect is the same when applied to the facts. *Miller v. Chicago Rys. Co.,* 224 Ill. App. 468.

Appellants also contend the court erred in failing to instruct that the plaintiff, Clarence Stevens, as a guest, might still recover for his injuries, even if both drivers were negligent. No instruction was tendered on this point. Defendants' instructions required each plaintiff to prove that he, himself, was free from contributory negligence, in order to recover. Such an instruction is correct and, even in peremptory form, is not objectionable on the ground that it is incomplete. If plaintiffs' counsel believed that the evidence would justify the theory that the collision resulted from the concurrent negligence of both drivers, while the guest was exercising due care, he had the privilege of tendering an instruction thereon, which was not done. Error cannot be predicated on a failure of the court to charge on a particular subject, in respect to which no request was made. *Wilkinson v. Service,* 249 Ill. 146.

The objections to alleged improper argument are largely based upon defense counsel's attacks upon

plaintiffs and their witnesses, their relationship and connection with each other, their interest, their attitudes and previous conduct, all as shown by the evidence. It is within the scope of proper argument of counsel, to impugn the motives and assail the credibility of opposing witnesses, where the remarks are based upon evidence or reasonable inferences therefrom. *Chicago City R. Co. v. Shreve*, 128 Ill. App. 462; *Moore v. Monarch Distributing Co.*, 318 Ill. App. 31.

 Evidence disclosed there had been a man in such position that he was probably an eyewitness to the collision. Objection was made to defense counsel's remarks that this man could probably have told about the accident, but he had died before this trial. There was no statement as to what his testimony would have been. The point of the objection is not made clear, but we assume the idea is that the explanation of failure to produce the witness, was equivalent to hinting that his testimony would have favored the defense. In response to the objection, the trial court admonished the jury not to consider what an absent witness would have testified to if called, and to disregard anything counsel said thereon. We consider this adequately disposed of the objection.

 An objection is also made as to the court's ruling on the admissability of certain medical testimony offered by plaintiffs. The defense on the trial was directed solely to the question of liability, the injuries were admitted; since the jury found the defendants not guilty, it is obvious that the court's ruling on medical testimony could not have affected the result of the case, and it is unnecessary to pass upon it.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

CULBERTSON, J., and BARDENS, J., concur.