Jeannette Buehler, Appellant, v. Maude White, Administratrix of Estate of Lee White, Deceased, Appellee.

Gen. No. 9,623.

Opinion filed February 28, 1949. Rehearing denied April 16, 1949. Released for publication April 18, 1949.

CASSIDY, SLOAN & CRUTCHER and R. LAWRENCE BALL, all of Peoria, for appellant.

CHESTER THOMSON, of Bloomington, and DEMPSEY & KUHFUSS, of Pekin, for appellee.

. MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

In an automobile accident case brought by plaintiff appellant, Jeannette Buehler, against defendant appellee, Maude White, as administratrix of the estate of .Lee White, deceased, a jury found the defendant not guilty. Plaintiff appeals from the judgment entered for defendant on such verdict.

The charges of negligence were excessive speed, failure to keep a proper lookout, and failure to carry lighted lights after sundown. There was no conflicting evidence.

The plaintiff was the only eyewitness as to what took place at the time of and immediately before the accident. In her case in chief objection was sustained to her testifying as to what took place at the time of and immediately before the collision. After the plaintiff rested her case the defendant examined her as an adverse witness.

Mrs. Buehler then testified in substance as follows: Just about dark on November 11, 1945, she and her husband, Doctor Buehler, and their son Cleo Buehler were riding in an automobile being driven northerly by Doctor Buehler on a black top road. She was familiar with the road. For some distance she had heard a noise indicating something was wrong with the car. Doctor Buehler then stopped the car "as far east as he could on the shoulder," with the right wheels on the grass, but more than half of the car remained on the black top. When the car stopped the three of them got out, and Mrs. Buehler turned off

the ignition switch and turned on the car lights. She then got a flashlight and it was found that the shock absorber on the right rear wheel was rubbing the right rear tire. When they got to the rear of the car the lid of the trunk was lifted and thereupon the trunk became automatically lighted with a light sufficiently bright to light up the entire trunk, the light bulb in the trunk being larger than the bulb that came with the car. Cleo Buehler then got under the car to make repairs. Doctor Buehler, facing north, stood against the rear of the car. The plaintiff, with her left hand on the grass and her body completely on the grass, but in a kneeling position and facing south, was then on the right shoulder of the road, was holding the flashlight under the running board so that Cleo Buehler could see to work, and was looking in the same direction as she was holding the flashlight. While she was in such position an automobile then being driven northerly by Lee White, then aged 73 years, struck the rear of the Buehler car. The hearing of Mrs. Buehler was good, but she did not hear any horn or signal or sound of any approaching car. She did not see any car approaching.

As a result of the collision Doctor Buehler and Cleo Buehler were killed, and Lee White died a few days later. The plaintiff received severe and permanent injuries.

The road ran in a northerly and southerly direction, and was very level and straight for quite some distance north and south of where the Buehler car was so parked. The surface of the road was coated with black top about 20 to 25 feet in width. The weather was clear and the pavement was dry.

At the point of the collision and for several hundred feet north of that point the east shoulder of the road sloped at a 45 degree angle to the edge of a ditch, the bottom of which ditch was about 21 inches below

the top level of the black top. The shoulder between the black top and the ditch was about 29 inches wide and was covered with grass and weeds.

The force of the collision drove the Buehler car about 300 feet northerly where it struck and broke off an eight inch telephone pole. The White car after the collision proceeded northerly for a distance of about 50 to 150 feet.

A man who lived in the neighborhood testified that before the collision he saw the Buehler car standing "as close to the east side of the black top as it could without going into the ditch."

After the collision the left front light and the right taillight on the Buehler car were still lighted. There were then no lights on the White car other than the interior dash light. A witness who arrived at the scene shortly after the accident but while Mr. White was still in his car, testified that Mr. White asked "what happened and who he hit." A garage man who arrived at the scene of the accident after the bodies were removed tesified that he towed away the Buehler car, that he examined such car and found the shock absorber was rubbing against the inner part of the right wheel, and that "when the bolt of the shock absorber would catch the wheel it could lock and stop the wheel."

Appellant's motion for a judgment in her favor notwithstanding the verdict and her motion for a new trial were denied.

■ Appellant's first contention is that the trial court erred in denying her motion for a judgment notwithstanding the verdict. It is our opinion that we cannot properly say the court erred in denying such motion.

■ ■ Appellant contends that the verdict is against the manifest weight of the evidence. Appellee's brief makes no contention that her intestate was not guilty of negligence which proximately caused the

injuries to the plaintiff, her sole contention in respect to liability being "that the appellant's contributory negligence and failure to exercise due care are so conclusively established that all reasonable minds must so conclude." We do not agree with this contention of appellee. It is our opinion that the verdict is against the manifest weight of the evidence, and that therefore the court erred in denying the motion for a new trial.

Inasmuch as we believe the ends of justice require that this cause must be reversed and remanded for a new trial, we do not consider it advisable to further comment on the foregoing evidence.

Defendant's instruction No. 5 told the jury that they should find the defendant not guilty unless they believed that the plaintiff had proved by a preponderance of the evidence that Lee White was guilty of negligence in the manner charged in the complaint. No instruction advised the jury as to any of the charges in the complaint. Therefore the jury could only guess as to such charges. In *Lerette v. Director General of Railroads,* 306 Ill. 348, 354, the court said: "It is contended that the court erred in giving certain instructions at the request of appellee which referred the jury to the declaration to determine the issues. This form of instruction has been repeatedly condemned by this court."

Defendant's instruction No. 7 told the jury that before the plaintiff could recover she must prove that she was actually in the exercise of due care for her own safety. The word "actually" put undue emphasis on what the plaintiff had to prove. (*Alexander v. Sullivan,* 334 Ill. App. 42, 46.)

Defendant's instruction No. 8 told the jury that if they believed the plaintiff did not act as a reasonable and prudent person and did that which a reasonable and prudent person would not have done, then they should find the defendant not guilty. Defendant's in-

struction No. 9 said that there could be no recovery if the jury found that the plaintiff did not exercise due care "in getting into the position she did get in when injured."

■ These two instructions, in effect, told the jury that if the plaintiff was guilty of any negligence she could not recover regardless of whether such negligence proximately contributed to her injury, and omitted the necessary element that a failure to exercise due care, in order to bar recovery, must have proximately contributed to the plaintiff's injuries. It is not every lack of care that bars recovery. Before lack of care bars recovery it must be such as proximately contributes to the injury. (*Consolidated Coal Co. v. Bokamp*, 181 Ill. 9, 18; *Williams v. Stearns*, 256 Ill. App. 425, 434; *Alexander v. Sullivan*, 334 Ill. App. 42.)

Defendant's instruction No. 10 quoted sec. 88, par. 185, ch. 95½, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 85.217] which reads as follows: "Upon any highway outside of a business, residence or suburban district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of 200 feet in each direction upon such highway. . . . This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

The only complaint made to such instruction is the claim that it might mislead the jury into believing that the negligence, if any, of Doctor Buehler in so parking the Buehler car was imputable to Mrs. Buehler. It is our opinion the instruction is not subject to this criticism. To preserve her rights the plaintiff could have tendered but did not tender an instruction stating that the negligence, if any, of Doctor Buehler was not imputable to Mrs. Buehler.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*