Sandra **WALDRON**, Plaintiff-Appellee,

v.

Selma C. **HARDWICK**, Defendant-Appellant.

No. 16853.

United States Court of Appeals Seventh Circuit.

Jan. 15, 1969.

Rehearing Denied Feb. 7, 1969.

Now, you may retire, and reconsider the evidence in the light of the Court's instructions. Thank you very much.

Thomas C. Stifler, III, Danville, Ill., John G. Stifler, Chicago, Ill., for defendant-appellant; Stifler & Snyder, Danville, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill., of counsel.

Harlan Heller, Laurence W. Grabb, Mattoon, Ill., for plaintiff-appellee, Ryan & Heller, Mattoon, Ill., of counsel.

Before SWYGERT, FAIRCHILD and KERNER, Circuit Judges.

SWYGERT, Circuit Judge.

This diversity action was brought by the plaintiff, Sandra Waldron, against the defendant, Selma C. Hardwick, to recover for injuries the plaintiff sustained in an automobile accident which occurred on June 18, 1964 on U. S. Route 45 near Mattoon, Illinois. After a jury verdict for the plaintiff, the district court entered judgment from which this appeal is taken. The errors relied upon for reversal arise from the argument of plain-

tiff's counsel based upon a per diem computation of damages for the plaintiff's injuries, certain rulings on evidence, the trial court's refusal to give certain instructions, and the admission of allegedly inflammatory photographs.

On the day of the accident the plaintiff was riding in an automobile driven by her mother, Mrs. Rosalie Waldron. The car was headed north on U. S. Route 45 when it collided with an automobile driven by the defendant. The latter had pulled off the highway. After remaining parked for a few seconds, Mrs. Hardwick drove on the shoulder for a few feet and then turned on to the highway into the path of the Waldron vehicle. Although there was a dip in the road south of the point of impact, a car could be seen driving all the way through the dip. The weather was clear, the pavement dry, and there were no skid marks near the collision site.

Mrs. Waldron testified that since she did not see the Hardwick automobile until a moment before impact, she did not apply her brakes or sound her horn. She said that she was traveling approximately sixty to sixty-five miles per hour. The defendant, Mrs. Hardwick, testified that she had an unobstructed view of the top of the hill to the south, but that she did not see the oncoming Waldron vehicle.

The plaintiff suffered a broken jaw and extensive cuts on her face and neck, as well as on her arm and leg. After the collision her lacerations were sutured and her broken jaw was set and wired by a local doctor. A few days later she was taken to a Washington, D. C. hospital near her home in Virginia, and there five plastic surgery operations were performed on her face. According to medical testimony further surgery will be needed. The plaintiff also visited a psychiatrist for emotional problems resulting from the accident.

The plaintiff's counsel closed his summation with a per diem argument concerning the plaintiff's injuries. He suggested that the plaintiff should receive for her disfigurement $1.00 per day for her life expectancy of fifty-four and one-half years, a total of $19,893. The district court overruled the defendant's objection to this line of argument. After adding the per diem figure to the amount covering the plaintiff's actual damages and pain and suffering, her counsel requested total damages of $38,910.32. The jury subsequently awarded the plaintiff $45,461.

The defendant contends that the per diem argument was so prejudicial as to constitute reversible error. She also contends that the doctrine of Erie R. Co., v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires us to follow the Illinois case law which condemns this type of argument. She cites Caley v. Manicke, 24 Ill.2d 390, 182 N.E.2d 206 (1962). There the Illinois Supreme Court held that it was reversible error to permit counsel in final argument to suggest to the jury a specific sum per day for pain and suffering, thereby utilizing a mathematical formula in arriving at a total award for this element of damages. The Illinois court reaffirmed its holding in Jensen v. Elgin, Joliet and Eastern Ry. Co., 24 Ill.2d 383, 182 N.E.2d 211, 94 A.L.R.2d 904 (1962), decided the same day as the *Caley* case.[1]

■ We do not believe that the *Erie* doctrine requires us to rely on state law in the instant situation. Rather, we agree with the Fifth Circuit that the propriety of counsel's argument to the jury is a question to be answered with reference to federal law. "It is a mat-

1. But see American National Bank and Trust Co. v. Peoples Gas Light & Coke Co., 42 Ill.App.2d 163, 191 N.E.2d 628 (1963), holding that a per diem argument within the context of that case was not reversible error. The court said, "Although the 'per diem' argument used in the instant case was improper, the formula method employed does not remotely resemble the meticulous, comprehensive 'per diem' argument used in Caley, and we do not feel it to be reversible error." Id. at 185, 191 N.E.2d at 639.

ter of federal trial procedure." Baron Tube Co. v. Transport Ins. Co., 365 F.2d 858, 862 (5th Cir. 1966).[2]

Although there is a sharp split among the state authorities on the use of the so-called "unit-of-time" argument,[3] the federal courts of appeal which have considered the question generally have permitted such arguments.[4] After considering the various reasons advanced for and against this type of argument, we are of the view that an inflexible rule treating a per diem argument as reversible error is not advisable.[5] We think that this argument is permissible if made within limitations which the trial judge to insure fairness may impose such as the giving of a suitable cautionary instruction or the taking of other safeguards as were suggested by the Fifth Circuit in *Baron*.[6] We do not mean that there might not be abuses in employing a per diem argument that would require reversal, but the question should be left largely to the discretion of the trial judge as are other matters dealing with the style and content of argument.

Turning to the instant case, we are of the opinion that counsel's argument did not constitute reversible error despite the absence of a cautionary instruction.[7] Initially, it should be noted that a motion for new trial based in part on the ground that the verdict was excessive was denied by the district court even though the total award exceeded the amount requested by plaintiff's counsel. After reviewing the evidence we also believe that the verdict was not excessive in light of the plaintiff's injuries. Finally, at oral argument defendant's counsel conceded that the verdict was within the range of permissible limits. In light

2. Accord, Yeargain v. National Dairy Products Corp., 317 F.2d 779, 780 (8th Cir. 1963); Illinois Central R. R. v. Staples, 272 F.2d 829, 834 (8th Cir. 1959); McDonald v. United Airlines, Inc., 365 F.2d 593 (10th Cir. 1966).

3. See the cases listed in Baron Tube Co. v. Transport Ins. Co., 365 F.2d 858, 863 (5th Cir. 1966). In the Seventh Circuit, Indiana permits a per diem argument, Southern Indiana Gas & Electric Co. v. Bone, 135 Ind.App. 531, 180 N.E.2d 375 (1962), but Illinois and Wisconsin do not allow this type of argument, Caley v. Manicke, 24 Ill.2d 390, 182 N.E.2d 206 (1962); Affett v. Milwaukee & Suburban Transport Corp., 11 Wis.2d 602, 604, 106 N.W.2d 274, 86 A.L.R.2d 227 (1960).

4. See Rush v. Cargo Ships & Tankers, Inc., 360 F.2d 766 (2d Cir. 1966); Bowers v. Pennsylvania R. R. Co., 281 F.2d 953 (3d Cir. 1960); Pennsylvania R. R. v. McKinley, 288 F.2d 262 (6th Cir. 1961). The Eighth Circuit in Chicago & N. W. Ry. v. Candler, 283 F. 881, 28 A.L.R. 1174 (8th Cir. 1922), and the Tenth Circuit in McDonald v. United Airlines, Inc., supra note 2, affirmed district court rulings refusing to allow unit-of-time arguments.

5. This is the approach taken by the Second Circuit in Rush v. Cargo Ships & Tankers, Inc., supra, 360 F.2d note 4. The court said: "Despite the fact that the great weight of authority adopts a flat rule, either approving or disapproving such argument * * * we are unwilling to adopt such a rule." Id. at 769.

6. The court stated:
   The safeguards which may be utilized may take the form of requiring that counsel notify the court and opposing counsel in advance of argument that the unit of time argument will be made. Since charts are generally used, they should be carefully scrutinized to eliminate any false factual impressions. * * And, as Judge Brown went on to say in his dissent [in Johnson v. Colglazier, 348 F.2d 420 (5th Cir. 1965)]: " * * to assure effective complete policing, the Court can construct the charge, either general or on special interrogatories, so that each element is separately fixed. [Rule 49, F.R.Civ.P.] The Judge can readily tell whether the verdict is measurably infected on this element by an extravagant runaway jury." Lastly, it goes without saying that the court has ample control over excessive verdicts. 365 F.2d at 865.

7. There was no request for a cautionary instruction. Although it might be argued that the defendant by making such a request risked waiving her objection to the per diem argument, the defendant could have avoided this risk by calling to the court's attention that the objection stood and that the request was made only as a protective measure.

of the undisputed fairness of the jury's verdict, we hold that in the circumstances whatever error occurred was so harmless as to not require reversal.

The defendant complains about the district court's refusal to give four requested instructions. The first was a statutory instruction concerning the duty of a driver to decrease his speed when any special hazard exists on the highway and to avoid colliding with any vehicle. The second instruction concerned the duty of a driver to sound his horn when necessary to insure safe operation of his automobile. The third defined the duty of the plaintiff to exercise ordinary care, and the fourth instruction charged the jury that if it found that the accident was due solely to the negligence of a third person then the defendant was entitled to a verdict.

The district court refused the first two requested instructions because the plaintiff was a guest passenger. The court was correct. Under Illinois law the negligence of a driver cannot be imputed to his guest passenger. Buehler v. White, 337 Ill.App. 18, 85 N.E.2d 203 (1949). Accordingly, the proffered instructions were irrelevant to the issues in the case. The court refused the third requested instruction on the ground that it was covered in other instructions. The judge was correct because the requested instruction would only have repeated what he told the jury. The final instruction was also refused on the ground that it was covered by other instructions. The jury was told that in order to find for the plaintiff, it would have to conclude that the defendant was negligent and that such negligence was a proximate cause of the accident. This phraseology sufficiently encompassed the defendant's fourth requested instruction.

Another error assigned by the defendant relates to the admission in evidence of her plea of guilty to a traffic violation growing out of the accident and the district court's alleged restriction of her attempt to explain the reason for the plea. After the accident the defendant pleaded guilty to the traffic charge. Because she admitted at the trial that when she signed the plea her mind was clear, her contention that the plea was not made understandingly is without merit. Under Illinois law, evidence of a plea of guilty is admissible as an admission against interest. Galvan v. Torres, 8 Ill.App.2d 227, 131 N.E.2d 367 (1956). We have studied the record and conclude that the defendant was permitted to make a full explanation of her guilty plea.

Finally, the district court did not err in admitting certain photographs showing the plaintiff's lacerations on her face and neck before and between the plastic surgery operations. These photographs were part of the plaintiff's medical history and were not prepared for trial. There was no abuse of discretion in admitting them as exhibits.

The judgment of the district court is affirmed.