655 F.2d 115
 9 Fed. R. Evid. Serv. 652
 ENQUIP, INC. and Tank Service, Inc., Plaintiffs,
v.
SMITH-McDONALD CORP., Defendant, Third-Party Plaintiff and
Counter-Defendant-Appellee,
v.
GARDNER CONSTRUCTION CO., Third-Party Defendant and
Third-Party Plaintiff-Appellant.
ENQUIP, INC. and Tank Service, Inc., Plaintiffs-Appellees,
v.
SMITH-McDONALD CORP., Defendant, Third-Party Plaintiff and
Counter-Defendant-Appellant,
v.
GARDNER CONSTRUCTION CO., Third-Party Defendant and
Third-Party Plaintiff-Appellee.
 Nos. 80-1633, 80-1822.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 19, 1981.
Decided July 28, 1981.
 
 Patrick J. Mazza, Chicago, Ill., for third party defendant-appellant.
 Christopher J. McElroy, Jenner & Block, Chicago, Ill., for plaintiff-appellee.
 Martha A. Mills, Chicago, Ill., for third party plaintiff-appellee.
 Before FAIRCHILD, PELL and SPRECHER, Circuit Judges.
 PELL, Circuit Judge.
 
 
 1
 These appeals are from a judgment in an action brought to recover the contract price for oil-water separator tanks manufactured by the plaintiff-appellee, Enquip, Inc. (Enquip), sold to its dealer, the defendant third-party plaintiff-appellee, Smith-McDonald Corp. (Smith-McDonald), and sold by Smith-McDonald in turn to the third-party defendant-appellant, Gardner Construction Co. (Gardner), a general contractor who had ordered the tanks for installation at a state tollway oasis. The major issue presented is whether the trial court erred in entering partial summary judgment against Gardner on the basis of his pleading in a related state court case.[1] The appeals are before the court following grants of partial summary judgment entered by the trial court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.
 
 
 2
 Gardner contends that the trial court erred in its ruling on the issue of liability when it considered as an admission a statement made in a verified complaint which Gardner had filed in the Illinois courts against the Illinois State Toll Highway Authority (ISTHA), the ultimate purchaser of the tanks. The defendant asserts that it was error for the district court to have relied on the state court pleading because it was an unsworn document and not within the meaning of Rule 56(e), and further that the allegations of the complaint were consistent with Gardner's alternative and hypothetical pleadings, and thus did not constitute an admission.
 
 I.
 
 3
 The factual background giving rise to this dispute is well laid out in the memorandum opinion of the district court. To review briefly, the general contractor Gardner contracted with ISTHA to install oil-water separator tanks as part of the renovation of a tollway oasis. Gardner then contracted with the subcontractor Smith-McDonald for sale and delivery of eight such tanks. Smith-McDonald in turn placed an order for the tanks with Enquip, the manufacturer. ISTHA, after initially appearing to have orally approved the Enquip tanks as conforming to specifications, rejected them after they arrived at the site as nonconforming and unsatisfactory on the recommendation of the project architect-engineer.
 
 
 4
 Enquip then filed suit against Smith-McDonald for breach of contract based on failure to pay for the tanks. Smith-McDonald filed a third-party complaint against Gardner for the contract price, alleging Gardner's liability over to Enquip. Gardner counterclaimed, alleging that the tanks did not meet specifications, and also filed a third-party complaint against ISTHA for failure to accept the separators. Smith-McDonald then filed a third-party complaint against Enquip, asserting that if Smith-McDonald was held liable to Gardner on the basis of the failure of the tanks to meet specifications, Enquip would be liable over to Smith-McDonald.
 
 
 5
 Meanwhile, in the Illinois courts, Gardner filed an action against ISTHA, and Pace Associates, Inc. (Pace), the architect-engineering firm which recommended that ISTHA reject the tanks. That suit claimed that the tanks met specifications. Pace filed a verified answer denying that the tanks met the specifications.
 
 
 6
 On the basis of Gardner's pleading in the state court action, Smith-McDonald filed a motion for summary judgment in the district court as to liability against Gardner. In support of its motion, Smith-McDonald cited Gardner's pleading in the state case, which had asserted that the tanks were in conformity with the specifications. Smith-McDonald claimed that this constituted an admission on the only factual issue in dispute in the case, and that summary judgment was therefore appropriate. Gardner submitted a motion in opposition to the motion for summary judgment, in the form of a memorandum with exhibits attached. The exhibits were a portion of the Gardner-ISTHA contract establishing Pace's approval as the criterion of conformity, a letter from Pace to ISTHA rejecting the tanks, and a letter from ISTHA to Gardner rejecting the tanks.
 
 
 7
 The district court granted the motion for summary judgment, noting that, "it is clear that the question of liability is dependent on the resolution of one factual dispute: whether the eight API Oil-Water separators were in compliance with the specifications." The court went on to hold that the state court complaint was cognizable as an admission by the district court on a motion for summary judgment. The judge then turned to Gardner's objection to the motion and held that since it was neither sworn nor in affidavit form, it did not meet the requirements of Fed.R.Civ.P. 56(e), and could not be relied upon to establish the existence of an issue of material fact. He concluded: "Gardner, therefore, having failed to respond with facts supporting its opposition to the motion, summary relief is appropriate." He then ruled that this also determined that Smith-McDonald was liable over to Enquip, and granted Enquip summary judgment against Smith-McDonald.
 
 
 8
 Shortly thereafter Gardner filed a motion to reconsider. Attached to it were several exhibits: Pace's verified answer to Gardner's state court complaint, which denied that the separators met the specifications; a copy of Gardner's amended complaint which pleaded in the alternative a third-party allegation that if the tanks did not meet the specifications that Smith-McDonald was liable to Gardner for breach of contract; the Gardner-ISTHA contract and purchase order; the tank specifications; letters from Pace and ISTHA rejecting the tanks; and an affidavit of Gardner's attorney which did not purport to testify to the truth or falsity of the matters in the exhibits, but did aver that the contentions and allegations of the exhibits were those of the parties to the state case. The motion to reconsider was denied without opinion. Gardner appeals to this court from the grant of summary judgment.
 
 II.
 
 9
 We must reject Gardner's contention that it was error for the district court to consider as an admission the pleading in the state court case. It is well established in this circuit and elsewhere that such matter from one proceeding is indeed admissible and cognizable as an admission in another. See, e. g., United States for and on behalf of Cannon Air Corp. v. National Homes Construction Corp., 581 F.2d 157, 163 (8th Cir. 1978); Waldron v. Hardwick, 406 F.2d 86, 90 (7th Cir. 1969); Frank R. Jellef, Inc. v. Braden, 233 F.2d 671, 675-77 (D.C.Cir.1956). Furthermore, the trial court properly ruled that while such evidence was admissible it was not a judicial admission, and thus not binding or conclusive. State Farm Mutual Automobile Insurance Co. v. Worthington, 405 F.2d 683, 686 (4th Cir. 1968); Dixie Sand & Gravel Corp. v. Holland, 255 F.2d 304, 311 (6th Cir. 1958). See McCormick, Evidence § 265 at 635 (2d ed. 1972).
 
 
 10
 We find that the trial court erred, however, in granting summary judgment solely on the basis of the pleading in the state court suit and in refusing to treat Gardner's memoranda and exhibits as raising a genuine issue of material fact. The burden is on the moving party to demonstrate the absence of such an issue, Adickes v. S. H. Kress & Co., 398 U.S. 144, 159-61, 90 S.Ct. 1598, 1609-10, 26 L.Ed.2d 142 (1970), and therefore all reasonable doubts are resolved in favor of the non-moving party. The non-moving party's defense to a motion for summary judgment is therefore liberally construed in terms of substance and of form. 6 Pt. 2 Moore's Federal Practice P 56.22(1), at 1333-35 (2d ed. 1980). Compare Macklin v. Butler, 553 F.2d 525, 528 n.1 (7th Cir. 1977) (moving party's memorandum and exhibits did not meet 56(e) criteria and could not have been relied upon) with Scharf v. United States Attorney General, 597 F.2d 1240, 1242-43 (9th Cir. 1979) (non-moving party's affidavit defective within 56(e) criteria, but would be leniently construed to see if it raised an issue of fact).
 
 
 11
 When a statement or plea from another case is sought to be used as an admission in a second suit, courts are therefore careful to allow the opposing party a full opportunity to explain the purported admission to demonstrate that there is an issue of material fact. Dixie Sand & Gravel, 255 F.2d at 310-11; Anderson v. Tway, 143 F.2d 95, 100 (6th Cir. 1944), cert. denied, 324 U.S. 861, 65 S.Ct. 865, 89 L.Ed. 1418 (1945). See Waldron v. Hardwick, 406 F.2d 86, 90 (7th Cir. 1969) (not error to admit plea of guilty to traffic charge as evidence of negligence in civil suit as long as party is "permitted to make a full explanation"); Nisbet v. VanTuyl, 224 F.2d 66, 71-72 (7th Cir. 1955) (court would allow superseded plea to be entered at trial as admission, but rejected its use as admission for purposes of summary judgment).
 
 
 12
 Such an opportunity is particularly necessary in a complex third-party situation such as this one where claims pleaded in the alternative are sought to be used as admissions. See Continental Insurance Co. v. Sherman, 439 F.2d 1294, 1298 (5th Cir. 1971) (prejudicial error to allow a third-party cross claim to be used as an admission in the same suit); Cannon Air Corp., 581 F.2d at 163 (evidence of party's claims at other trial was highly prejudicial, and only allowable because party had made repeated assertions to the contrary during course of trial).
 
 
 13
 We find that the trial court therefore should have considered the entire record before it, including Gardner's memoranda and exhibits, in making the determination whether an issue of material fact existed. See Milwaukee Typographical Union No. 23 v. Newspapers, Inc., 639 F.2d 386, 390-91 (7th Cir. 1981) (where reliable and relevant documents are present as exhibits they may be considered in determining whether a genuine issue of material fact exists; affidavits as such will not be indispensably required). Gardner's memoranda in opposition and to reconsider make it explicitly clear that Gardner had pleaded conformity with specifications only in the alternative, or at any rate, that that assertion was hotly contested by those against whom it had been leveled. The exhibits attached to the motion in opposition demonstrated that Pace had absolute approval over contract materials and that Pace and ISTHA had unequivocally rejected the proffered tanks. The exhibits attached to the motion to reconsider were even more compelling evidence of the existence of an issue of material fact. Pace's verified answer to Gardner's complaint placed the question of conformity to specifications squarely in issue in the state court suit, and Gardner's amended state court complaint was concrete evidence of what had only been asserted previously, that the claim of conformity was merely an alternative one. We find that the presence of this documentary evidence was sufficient to alert the court to the presence of an issue of material fact, even though it failed to conform to the formal requirements of Fed.R.Civ.P. 56(e). We further note that Rule 56(e) provides not that summary judgment be rendered automatically whenever the non-moving party fails to respond with affidavits, but rather provides that it should be so rendered only if summary judgment otherwise "is appropriate." The process of decocting should not eliminate matters before the court which show the existence of an issue of material fact. The record in this case demonstrates that summary judgment was not, in fact, appropriate.
 
 
 14
 Furthermore, the verified answer of Pace to Gardner's complaint could be considered an affidavit within the strictures of Rule 56(e). See Runnels v. Rosendale, 499 F.2d 733, 734 n.1 (9th Cir. 1974) (verified complaint can be considered the equivalent of an affidavit for the purposes of opposing a motion for summary judgment). This piece of evidence alone should have convinced the trial court of the presence of a genuine issue of material fact rendering summary judgment inappropriate.
 
 
 15
 For the aforementioned reasons, the summary judgment on the issue of liability is reversed, and the case remanded for further proceedings consistent with this opinion. The judgment on the issue of damages is, therefore, vacated.
 
 
 
 [1]
 The trial court also granted summary judgment on the issue of damages. Our disposition of the issue of liability makes it unnecessary for us to reach the issues raised by the parties with respect to that judgment