**Jeffrey MASSING, Administrator of the estate of Christopher Massing, deceased; Sandra Massing and Jeffrey Massing, heirs at law of Christopher Massing, deceased**

v.

**SECRETARY OF the DEPT. OF HEALTH AND HUMAN SERVICES.**

No. 89–51V.

United States Claims Court.

Feb. 13, 1990.

William P. Ronan, Overland Park, Kan., for petitioners.

Michael P. Milmoe, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## OPINION

MEROW, Judge.

This child vaccine matter comes before the court on the basis of objections filed to the Special Master's Report of November 30, 1989.

The Special Master recommends that this matter be dismissed because petitioners previously collected a $50,000 settlement after filing a prior civil action with respect to the vaccine administration involved.

With respect to prior settlements, the National Childhood Vaccine Injury Compensation Program (Act) provides (in part):

If in a civil action brought against a vaccine administrator or manufacturer for a vaccine-related injury or death damages are awarded under a judgment of a court or a settlement of such action, the person who brought such action may not file a petition under subsection (b) for such injury or death.

(42 U.S.C.A. § 300aa–11(a)(7)).

PETITION CONTENT.—A petition for compensation under the Program for a vaccine-related injury or death shall contain—* * *

an affidavit, and supporting documentation, demonstrating that the person who suffered such injury or who died—* * *

(E) has not previously collected an award or settlement of a civil action for damages for such vaccine-related injury or death, * * *.

(42 U.S.C.A. § 300aa–11(c)(1)(E)).

(1) Compensation shall be awarded under the Program to a petitioner if the court finds on the record as a whole—

(A) that the petitioner has demonstrated by a preponderance of the evidence the matters required in the petition by section 300aa–11(c)(1) of this title, and * * *.

(42 U.S.C.A. § 300aa–13(a)(1)).

The record in this matter shows that on January 13, 1986, Sandra Massing took her son, Christopher, to the office of his pediatrician, Joseph E. Wise, M.D., in Kansas City, Kansas, where a nurse administered a diphtheria-pertussis-tetanus (DPT) vaccine. Christopher Massing died the next day.

On January 12, 1988, Jeffrey Massing, Christopher's father and administrator of his estate, and Sandra Massing filed a civil action (No. 88C0093) in the District Court of Wyandotte County, Kansas, against Led-

erle Laboratories, Joseph E. Wise, M.D., P.A., Dr. Joseph E. Wise, and Ben Rubin, Jr., M.D., P.A., Dr. Ben R. Rubin, Jr. The civil action sought damages for Christopher's death which was asserted to have been caused by the DPT vaccine administered on January 13, 1986. With respect to Dr. Rubin, the petition alleged (in part):

5. Dr. Ben Rubin is a physician licensed to practice medicine in Kansas and who is practicing medicine in Kansas. Dr. Ben Rubin, Jr., is the president of Ben Rubin, Jr., M.D., P.A. Dr. Joseph E. Wise was a member or agent of Ben Rubin, Jr., M.D., P.A. in January 1986.

\* \* \* \* \* \*

13. There existed an agency relationship between Dr. Wise and Dr. Rubin on January 13, 1986 and as such Dr. Rubin is responsible for the negligence of Dr. Wise under the doctrine of Respondeat Superior.

A settlement was reached whereby for $50,000 the Massings, on February 1, 1988, released and discharged Ben Rubin, Jr., M.D., P.A., and Dr. Ben R. Rubin, Jr., from any liability for the pleaded vaccine matter. Dr. Rubin and his P.A. were then dismissed from the civil action, leaving Lederle Laboratories, Dr. Wise and his P.A. as remaining named defendants.

On February 2, 1989, counsel for plaintiffs in case No. 88C0093, William P. Ronan, moved that the court dismiss the action without prejudice, stating:

1. Recently, the United States Claims Court began processing claims arising out of injuries and deaths caused by the DPT vaccine. This is that type of case.

2. Pursuant to 42 U.S.C. 300aa–11(5)(A) these Plaintiffs must withdraw this action before they can file a claim with the United States Claims Court under the National Childhood Vaccine Injury Act.

3. It is the Plaintiffs' desire to dismiss this action without prejudice and to proceed with their claims in the United States Claims Court.

By order entered February 2, 1989, the court dismissed case No. 88C0093 without prejudice.

On May 8, 1989, Jeffrey and Sandra Massing commenced the instant proceedings by filing a petition for vaccine compensation based upon the January 13, 1986 administration of DPT vaccine to their son, Christopher, and his death the next day.

The petition alleged (in part):

8. Petitioners have not previously collected an award and/or settlement of a civil action for damages for this vaccine-related death.

An affidavit executed by Sandra Massing and by Jeffrey Massing attached to the petition states (in part):

4. We have not previously collected an award or settlement of a civil action for damages for such vaccine-related death.

A hearing was scheduled in this matter for October 20, 1989 in Kansas City, Missouri, during which the following testimony ensued:

BY MR. RONAN:

Q Sandra, prior to the time that you and Jeff filed this action in the U.S. Claims Court, you had an action pending in the District Court of Wyndot [sic] County, Kansas, didn't you?

A Yes.

Q Arising out of this same set of facts, the same circumstances?

A Yes.

Q In that action you had named as defendants, Letterly [sic], the manufacturer of the DPT vaccine, and Dr. Wise. Is that correct?

A Right.

Q We dismissed that case prior to filing the case with the U.S. Claims Court, didn't we?

A Yes.

(Tr. pp. 32–33).

THE COURT: \* \* \*

And you also testified that a prior civil action was dismissed against Letterly [sic], I believe. Is that the only action that has been filed in connection with Christopher's death by you or your husband?

THE WITNESS: Could he answer that? Because I'm not—

MR. RONAN: I was going to go into that with Mr. Massing. That's the only action. Also—well, before the action was filed, a settlement proposal was sent to Dr. Reuben [sic], Dr. Wise and Letterly [sic]. And Dr. Reuben [sic], who is Dr. Wise's partner, settled his claim. There was no lawsuit ever filed. Dr. Reuben [sic] was not the doctor that administered the shot, nor was he a vaccine manufacturer. And, so, it is our position with respect to that issue, that that does not preclude the Massings from filing this action.

And I should tell you also that the settlement proposal we sent out, it was never made clear to us whether Dr. Reuben [sic] and Wise were partners or what, but the action clearly was settled strictly with Dr. Reuben [sic] and not with Dr. Wise. In fact, we preserved in the release our cause of action against Dr. Wise and against Letterly [sic]. But, no, there was never an action filed against anyone other than Dr. Wise and Letterly [sic].

THE COURT: And that is the action which was subsequently voluntarily dismissed?

MR. RONAN: Yes, sir.

THE COURT: The Court is going to want to see the documents relating to the settlement with Dr. Reuben [sic].

MR. RONAN: I can get those for you, Judge.

THE COURT: Okay. Do you recall how much you received from Dr. Reuben [sic]?

THE WITNESS: Yes.

THE COURT: How much was that?

THE WITNESS: It was $50,000.

(Tr. 52–53).

BY MR. RONAN:

Q Jeff, have you and Sandra previously received either a judgment or a settlement in a civil action brought against a vaccine administrator or manufacturer?

A No, I haven't.

(Tr. 74).

■ The first issue which must be resolved is whether, as the Special Master has concluded, petitioners are precluded from now obtaining compensation because they cannot demonstrate, by a preponderance of the evidence, that an award or settlement of a civil action for damages for such vaccine-related injury or death has not been previously collected. *See* 42 U.S.C.A. §§ 300aa–13(a)(1), 300aa–11(c)(1)(E). What must be demonstrated is that "the person who suffered such injury or who died" has not previously collected a settlement of a civil action for damages for such vaccine-related injury or death. It appears that Civil Action No. 88C0093 was brought on behalf of the estate of Christopher Massing as well as on behalf of Jeffrey and Sandra Massing. Presumably, the $50,000 collected, to some extent, would be allocable to the estate, *i.e.*, to the person who died, although separate damages were sought for Sandra and Jeffrey Massing.

Thus, it is concluded that as Christopher Massing's estate has collected a settlement of a civil action for damages for such vaccine-related death, compensation under the National Vaccine Injury Compensation Program is precluded.

■ The Special Master also concluded that under the doctrine of agency or *respondeat superior*, Dr. Rubin or his P.A. was a vaccine administrator for the purpose of applying the constraints of 42 U.S. C.A. § 300aa–11(a)(7). If so, petitioners having obtained a settlement in the civil action brought against Dr. Rubin and his P.A. may not file a petition in the Claims Court. Petitioners oppose this conclusion, urging a lack of evidentiary support in the record. The conclusion as to an agency or *respondeat superior* relationship between Dr. Rubin and Dr. Wise is grounded upon petitioners pleading this in the petition they filed in Civil Action No. 88C0093. Petitioners argue against any reliance in the instant litigation on this pleading they filed in a previous action.

■ However, admissions made in pleadings in prior litigation are admissible in evidence in a subsequent suit. While such evidence is not a judicial admission which would be binding and conclusive, it may be considered together with any other evidence on the matter. *See* RUSCC 36(b); *Donald M. Drake Co. v. United States,* 153 Ct.Cl. 433, 444 (1961); *Enquip, Inc. v. Smith–McDonald Corp.,* 655 F.2d 115 (7th Cir.1981).

There is no probative evidence in the record which controverts petitioners' previous pleading as to Dr. Rubin's status. This circumstance directly results from the unfortunate failure to include the settlement information in the pleadings or trial prosecution until questioned by the Special Master. The previous settlement should have been fully set forth in the petition filed in this matter and the lack of any probative evidence in the instant record contradicting the information petitioners asserted in their prior pleading in the Kansas court cannot support a rejection of the Special Master's finding as to Dr. Rubin's status. The evidence of record thus supports the finding that Dr. Rubin was a vaccine administrator for the purposes of 42 U.S.C.A. § 300aa–11(a)(7). Petitioners, having obtained a $50,000 settlement of their prior action against Dr. Rubin and his P.A., were not entitled to file a petition in this matter.

In these circumstances and particularly in view of the failure to disclose the prior settlement in the petition, which included language to the contrary, the Special Master's denial of legal fees is entirely correct. While vaccine compensation program proceedings are intended to be expeditious and informal, this can only be feasible if petitioners make a good faith effort to supply all pertinent available information with the petition.

In the circumstances of this matter, it is ORDERED:

(1) The Special Master's Report and Recommendation are adopted;

(2) The petition shall be dismissed with no costs to be assessed;

(3) As no objection to disclosure was submitted in response to the footnote set forth on page 1 of the Special Master's Report and no additional information is disclosed herein, this opinion may be disclosed upon its filing.