Claude P. BROWN and Grace W. Brown, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Nos. 90–1539, 90–1795.

United States Court of Appeals, Seventh Circuit.

Argued May 18, 1992.

Decided Oct. 8, 1992.

Robert I. White (argued), Carla P. Dykes, Lawrence Sherlock, Shelley Cashion, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, Tex., for plaintiffs-appellants.

Gary R. Allen, David E. Carmack, Steven W. Parks, Edward T. Perelmuter (argued), Dept. of Justice, Tax Div., Appellate Section, Seth G. Heald, Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

Before CUDAHY and MANION, Circuit Judges, and GIBSON, Senior Circuit Judge.*

CUDAHY, Circuit Judge.

The district court granted summary judgment in favor of the government on Claude P. Brown's tax refund claim, concluding that Brown had failed to adduce sufficient evidence of bona fide losses during the year in question, 1984. We reverse and remand.

I.

In October 1981 Claude P. Brown[1] opened a trading account with the Houston, Texas office of ContiCommodity Services, Inc. (Conti). In 1982 Brown opened other accounts that were owned jointly by Brown and his business associate, Isaac C. Hemmings. David Ragan, who managed Conti's Houston office, performed the trading of government securities and commodity futures in Brown's accounts.

In May 1984 the Houston office of Conti was closed. Conti then claimed that there were deficit equity balances in Brown's and other customers' accounts. Eventually

---

\* The Honorable Floyd R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Although Brown's wife Grace is also a party in this tax refund suit, the relevant transactions were engaged in solely by Claude Brown. For simplicity, we use the name "Brown" in reference either to Claude Brown or to the appellants collectively.

Conti filed a multi-count complaint against Brown and several other customers, seeking to recover the alleged deficit equity balances. Several of the customers, in turn, including Brown, contended that Conti and Ragan had acted improperly in conducting trading for the customers. Brown and the other customers filed a counterclaim against Conti alleging, among other things, that many of the trades giving rise to the alleged deficit balances were misallocated, prearranged or fictitious. The litigation between Brown and Conti, as well as several other cases stemming from activities at Conti's Houston office, were consolidated for purposes of discovery in a multidistrict proceeding pursuant to 28 U.S.C. § 1407. That proceeding, MDL 644, was before Judge Hart in the Northern District of Illinois. *In re ContiCommodity Servs., Inc., Sec. Litig.,* 733 F.Supp. 1555 (N.D.Ill. 1990).

Meanwhile, the Internal Revenue Service had begun investigating the trading performed at Conti's Houston office. By 1985 the IRS had determined that this trading was a sham and lacked economic substance. Certain deductions claimed by Brown on his 1981 and 1982 tax returns in connection with his Conti accounts were consequently disallowed. The IRS proposed deficiencies against Brown of $9,956,314 for 1981 and $3,282,906 for 1982 based in large part on the disallowance of the deductions associated with Brown's Conti accounts. Brown challenged these deficiencies by filing a petition in the United States Tax Court.

Brown's Tax Court cases, along with other cases involving the Conti trading, were assigned to Tax Court Judge Moxley Featherston. In December 1986 Judge Featherston approved a procedure for joining the government in MDL 644, the pending multidistrict litigation, so that issues involving the Conti trading could be resolved in a single forum. As part of that procedure, Brown filed a claim for refund for the year 1984 based on deductions for losses and expenses from the Conti trading

that had not been claimed on his original 1984 return. Brown claimed that he had suffered a loss of at least $1,699,550 in the Conti trading, and therefore claimed a refund of $263,966 for 1984.[2] When the claim was promptly disallowed by the IRS, Brown brought an action for refund of taxes in the United States District Court for the Southern District of Florida. Shortly thereafter, the Judicial Panel on Multidistrict Litigation transferred the case to the Northern District of Illinois, where it was consolidated with MDL 644.

Brown's position in the tax refund case was directly opposed to his position in the Conti litigation. To prevail on his tax claim, Brown would ultimately need to establish that he had suffered bona fide economic losses in 1984 as a result of the trading at Conti. In his dispute with Conti, however, Brown's position was that the trades performed for his account by Conti (or at least a significant portion of them) were shams with no economic substance. Indeed, in response to a directive from the district court during discovery to identify contested trades, Brown took the position that *all* of the trades at Conti should be disregarded as "bad" trades. The government attempted to use Brown's position in the Conti dispute as a binding admission in the tax refund case, and moved for summary judgment in the refund suit. Brown responded by arguing that his refund claim against the government was presented as an alternative theory. In the event that he lost in the Conti case, Brown argued, he would be deemed to have suffered bona fide economic losses, and would be entitled to a tax refund for those losses.

In a Memorandum Opinion and Order dated January 11, 1990, Judge Hart resolved several motions for summary judgment and motions to dismiss in the Conti litigation, including the government's motion. The district judge granted summary judgment in favor of the government in Brown's and other taxpayers' refund suits, concluding that the taxpayers had present-

---

**2.** Only Brown's refund claim for the 1984 tax year was at issue in MDL 644 and is involved here. Brown's tax liability for 1981 and 1982 is apparently the subject of pending Tax Court proceedings.

ed insufficient evidence of legitimate losses or deductions for the years in question. *ContiCommodity Sec. Litig.*, 733 F.Supp. at 1574. Brown appeals the district court's grant of summary judgment.

## II.

We begin by addressing our jurisdiction in this case, an issue that the parties have briefed separately in response to an order of this Court. Pursuant to 28 U.S.C. § 1291, we are authorized to hear appeals from "final decisions" of the district courts. Ordinarily a judgment disposing of fewer than all of the claims or parties in a case is not an appealable final decision absent an express determination pursuant to Federal Rule of Civil Procedure 54(b). Is such a determination required when two or more cases have been consolidated, or do the cases retain their separate identities so that a final decision in one is immediately appealable?

■ Fortunately, our cases provide answers. Where cases have been consolidated for all purposes, they become a single judicial unit for purposes of Rule 54(b), and accordingly a judgment that does not dispose of all claims of all parties is not appealable unless the district court makes the findings required by Rule 54(b). *Sandwiches, Inc. v. Wendy's Int'l, Inc.*, 822 F.2d 707, 709 (7th Cir.1987). On the other hand, where it is clear that cases have been consolidated for only limited purposes, a decision disposing of all the claims in only one of the cases is a final decision subject to immediate appeal. *Ivanov–McPhee v. Washington Nat'l Ins. Co.*, 719 F.2d 927, 930 & n. 2 (7th Cir.1983). Things get more complicated in the gray area between these two scenarios—where the extent of consolidation is unclear. In that situation, present in both *Sandwiches, Inc.* and *Ivanov–McPhee*, we have treated the cases as fully consolidated and declined to exercise jurisdiction, provided the cases involve closely related issues and could have been brought as a single action. *Sandwiches, Inc.*, 822 F.2d at 709; *Ivanov–McPhee*, 719 F.2d at 930.

■ The case at hand does not fall in the gray area, because the extent of consolidation is clear. Under the order of the Judicial Panel on Multidistrict Litigation as well as 28 U.S.C. § 1407, the transfer of the numerous cases in MDL 644 was "for coordinated or consolidated pretrial proceedings." Since the consolidation was for pretrial proceedings only, the tax refund case retains its separate identity. While the district court did not dispose of all the claims in MDL 644, it did render a final judgment in Brown's tax case, and that judgment is appealable notwithstanding the lack of a Rule 54(b) determination. We therefore have jurisdiction.

## III.

Our review of a decision granting summary judgment is *de novo*, and we draw all reasonable inferences in favor of the nonmoving party. *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1084 (7th Cir. 1992). Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*; Fed.R.Civ.P. 56(c).

■ In moving for summary judgment, the government argued below that Brown's position in the Conti case—that all of the 1984 Conti trades should be disregarded as shams or as otherwise illegitimate—was a binding admission that undermined his position in the tax refund case. The government is correct that the positions are inconsistent: under § 165 of the Internal Revenue Code, only bona fide losses are allowed as a deduction. 26 U.S.C. § 165; 26 C.F.R. § 1.165–1(b); *Scully v. United States*, 840 F.2d 478, 485 (7th Cir.1988). A loss that stems from a transaction devoid of economic substance is not a bona fide loss. *See Yosha v. Commissioner*, 861 F.2d 494, 497 (7th Cir.1988); *Kirchman v. Commissioner*, 862 F.2d 1486, 1491 (11th Cir.1989). It follows that if Brown is proven correct in his claims in the Conti litigation, he is not entitled to the deduction that he seeks in his suit against the government. But it is a different question whether Brown may pursue such inconsistent claims.

On appeal, the government no longer seriously argues that Brown is strictly bound in this case by his position in the Conti case, and we believe that the government's shift in emphasis is well-advised. Brown argued in the district court and argues here that his tax claim is simply an alternative claim, and we see no obstacle to Brown's approach. Rules 8(e)(2) and 20(a) of the Federal Rules of Civil Procedure specifically allow parties to pursue such alternative and inconsistent claims. 2A & 3A *Moore's Federal Practice* §§ 8.32, 20.06 (2d ed. 1992); *Douglas Equip., Inc. v. Mack Trucks, Inc.*, 471 F.2d 222, 224–25 (7th Cir.1972).

Instead of challenging Brown's alternative-pleading strategy, the government's principal argument on appeal is that Brown has failed to demonstrate a genuine issue of fact as to bona fide losses for the year 1984, as required by Rule 56 and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This was also the district court's rationale for granting summary judgment. In attempting to show that there is a genuine issue of material fact, Brown relies on several pieces of evidence, all generated by Conti in the Conti litigation. This evidence includes: (1) Conti's responses to expert witness interrogatories; (2) Conti exhibits revealing losses in Conti trading accounts; and (3) the affidavit of Robert Kutsenda, an accountant hired by Conti to examine the account records of Conti customers. Our *de novo* review convinces us that there remains a genuine issue of fact on the question of bona fide losses incurred by Brown in 1984. Although all the categories of evidence listed (with inferences drawn in Brown's favor) appear to have some probative value, we shall focus on the Kutsenda evidence, which seems to carry the most weight.

In his affidavit, Kutsenda concluded that the accounts of Brown and Hemmings went from a deficit balance of under $1.5 million on December 31, 1983 to a deficit of nearly $12 million as of May 31, 1984.

Kutsenda also determined that Brown's individual account lost over $5 million during the same period. Moreover, Kutsenda concluded that Conti's system of tracking government security trades fairly reflected the transactions themselves and represented a reasonable approximation of the market value of the government securities, repurchase transactions and cash in customer accounts. While Kutsenda did not explicitly declare that the trades were not "shams," his conclusion that Conti's system fairly tracked actual trades and reflected the fair market value of securities is adequate to give rise to a reasonable inference of true economic losses.

The government argues that summary judgment was proper despite the Kutsenda evidence because of Brown's failure to comply with Local Rule 12 of the Northern District of Illinois. Under Local Rule 12(m), a party moving for summary judgment must file a memorandum in support of the motion as well as a statement of material facts as to which the moving party contends there is no genuine issue of fact. In response, the nonmoving party must file a submission pursuant to Local Rule 12(n).[3] The response must list the factual assertions of the movant with which the opponent disagrees, and must include references to the evidentiary materials relied on and additional facts requiring the denial of summary judgment. *Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101, 1102 (7th Cir.1990). Material facts that are set forth in the moving party's statement are deemed admitted unless they are controverted in the nonmoving party's response. *Id.* Rule 12(n) contributes to the orderly and efficient conduct of litigation, and we have repeatedly upheld strict application of the Rule. *See e.g., id.* at 1102; *Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519 (7th Cir.1992); *Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989).

Brown's Rule 12(n) statement did cite Conti's response to expert witness interrog-

---

**3.** We refer to the current version of Local Rule 12, although at the time of the district court proceedings the movant's statement was required by Rule 12(*l*) and the nonmovant's statement by Rule 12(m).

atories and two Conti exhibits purporting to reveal losses in Conti accounts. It did not, however, refer to Kutsenda's affidavit, which is apparently the strongest evidence of bona fide losses incurred by Brown in 1984.[4] In fact, the Kutsenda affidavit was not executed until a month after Brown filed his response in opposition to the government's motion for summary judgment. The government, citing *Herman*, 870 F.2d at 404, argues that the Kutsenda affidavit may not be considered because it was not specifically cited in Brown's Rule 12(n) statement.

■ We disagree. A crucial problem with the government's argument has to do with notice. An award of summary judgment is improper when it takes the adverse party by surprise. *Horn v. City of Chicago*, 860 F.2d 700, 703 n. 6 (7th Cir.1988) (citing cases); *see also Enquip, Inc. v. Smith–McDonald Corp.*, 655 F.2d 115, 118 (7th Cir.1981). Here, the district court granted summary judgment on a different basis than that urged by the government. The government's motion for summary judgment and supporting memorandum essentially contended that Brown could not pursue inconsistent positions as to the validity of Conti trades in the Conti litigation and in the tax litigation. It argued specifically that Brown's position in the Conti case—that all the trades should be disregarded—was *in itself* a binding admission in the tax case warranting summary judgment. The district court, however, did not grant summary judgment on the government's theory; instead, it concluded that Brown had failed to present sufficient evidence of bona fide losses for the year 1984—a matter on which Conti had been

producing much evidence against Brown in the Conti dispute. Had Brown known that this theory would be the basis for summary judgment, he surely would have been more careful to cite reliable evidence of bona fide losses. Moreover, he likely would have supplemented his response with the Kutsenda affidavit, which was executed five months before the district court ruled on the motion. Instead, Brown simply argued that it was entirely proper to pursue his two alternative (and inconsistent) claims in the Conti case and the tax case.

The flaw in the government's argument becomes apparent when one looks closely at the parties' Local Rule 12 statements. The district court did not rely on the Rule 12 statements, and the reason is evident. Nowhere in the government's "Statement of Undisputed Facts" does the government assert that the Conti trades were actually shams or illegitimate. The government's statement largely outlines the procedural history of the Conti and tax cases and states that "Taxpayers now contend that none of the trades can be allocated to the first category [i.e., legitimate transactions]." Thus, even a strict application of Local Rule 12, requiring that the moving party's facts be deemed admitted, would not warrant summary judgment on the issue of the *bona fides* of the losses.

■ We conclude that Local Rule 12 does not require the exclusion of the Kutsenda affidavit. First, there is the notice problem just addressed. When summary judgment is granted on a basis not urged by the moving party (and not even supported by the movant's statement of undisputed facts), the opposing party may be

---

4. The specific pages referred to in Conti's response to the interrogatories and the two exhibits cited do not clearly pinpoint losses for Brown in 1984. For this reason, the district court held that they were inadequate to reveal a genuine issue of fact. We note, however, that these materials do generally support Brown's contention of significant losses in Conti accounts during the years 1981–84, and this evidence alone may be enough to create an issue of fact, given that inferences must be drawn in Brown's favor. The government also raises evidentiary objections to these pieces of evidence cited in Brown's Rule 12(n) statement. Because

we conclude that Kutsenda's affidavit may be considered, we need not rule definitively on the government's evidentiary objections. We note, however, that such exhibits and interrogatory responses, when they are reliable and relevant, may be considered in determining whether a genuine issue of material fact exists. *Enquip, Inc. v. Smith–McDonald Corp.*, 655 F.2d 115, 118 (7th Cir.1981); *Milwaukee Typographical Union v. Newspapers, Inc.*, 639 F.2d 386, 390–91 (7th Cir.), *cert. denied*, 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981); 6 *Moore's Federal Practice* ¶ 56.11[5].

taken by surprise if he is strictly limited to the materials cited in his Local Rule 12(n) statement. *Cf. Horn,* 860 F.2d at 703 n. 6. This is particularly so in a complex third-party situation such as that presented here. *Enquip, Inc.,* 655 F.2d at 118–19. If the district court is inclined to venture outside the moving party's grounds for summary judgment and statement of undisputed facts, the court must be careful to ensure that the record reveals no issue of material fact. In *Enquip, Inc.,* we faced a similar situation and reversed the grant of summary judgment in a case where an issue was "hotly contested" in a related alternative claim. *Id.* at 119. Second, we have noted that summary judgment is not to be entered automatically, but only "if appropriate." Fed.R.Civ.P. 56(e); *Goka v. Bobbitt,* 862 F.2d 646, 649 n. 1 (7th Cir.1988); *Enquip, Inc.,* 655 F.2d at 119. A reversal of the grant of summary judgment appears to be at least as justified in the case before us as it was in *Goka* and *Enquip, Inc.,* for the district judge here did not rely on either Brown's failure to respond to his opponent's undisputed facts or his admission in the Conti case. The district judge relied instead on the absence of a genuine issue of fact regarding bona fide losses for the year 1984. The Kutsenda affidavit creates such a genuine issue of fact, and summary judgment is inappropriate. Third, the Kutsenda evidence was not so buried in the record that the district court cannot have been expected to address it. In fact, the Conti interrogatory response (which *was* cited in Brown's Rule 12(n) statement) discusses Kutsenda's proposed testimony at length. Moreover, the Kutsenda affidavit was submitted by Conti as part of its opposition to the motion of the customer parties (including Brown) for summary judgment—and in direct support of Conti's allegation that Brown, among others, suffered bona fide losses in 1984. Since Judge Hart considered the motions in the Conti case and the tax case together, and since Conti prevailed on the customers' motion for summary judgment, it is incongruous to hold that there is no genuine issue of fact as to the existence of bona fide losses.

Finally, the government contends that the Kutsenda affidavit was not part of the record in the district court because "materials filed under seal are not part of the record unless introduced by a party." Gov't Br. at 26. The government's argument is without merit. Taken together, the Local Rules relied on by the government, Rules 10(d) and 18(B), merely provide that discovery materials shall not be tendered for filing under seal. The Kutsenda affidavit was not "discovery material" as the term is defined in Local Rule 18(A). In fact, it was properly submitted by Conti as part of its opposition to the customer parties' motion for summary judgment, and it became a part of the record in the district court.

## IV.

 Brown also appeals from the district court's denial of his motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b). That appeal has been docketed as no. 90–1795.

On February 15, 1990, shortly after judgment was entered in the action before us, the IRS concluded an ongoing audit of Brown's 1984 tax return and issued a report detailing its findings. The report determined that Brown had overpaid his 1984 taxes by nearly $124,000. The recalculation primarily involved deductions for state income taxes and also some Conti transactions unrelated to those at issue in the tax refund case.

Because Brown was concerned that the judgment in the instant case would have res judicata effect on the new refund (because both involved the tax year 1984), he filed a motion for relief from judgment pursuant to Rule 60(b), seeking to amend his complaint to raise claims based on the IRS report. The district court refused to consider Brown's Rule 60(b) motion, assuming that it had no jurisdiction to do so because a notice of appeal had been filed. In fact, the court did have jurisdiction to consider the motion. Parties may file motions under Rule 60(b) in the district court while an appeal is pending. In such circumstances we have directed district courts

to review such motions promptly, and either deny them or, if the court is inclined to grant relief, to so indicate so that we may order a speedy remand. *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1211 (7th Cir.1989).

The parties debate the merits of Brown's Rule 60(b) motion, but we believe the proper course is to remand for consideration of the issue in the district court, particularly given our decision that the grant of summary judgment must be reversed. *See id.* We shall therefore dismiss Brown's appeal from the denial of relief under Rule 60(b).

### V.

In this litigation, Brown faced the prospect of being whipsawed by two creditors. Conti claimed that there were deficits in his accounts amounting to millions of dollars. The government, on the other hand, disallowed any deductions for those losses. Although the Conti dispute has survived summary judgment, the tax dispute has ended in the government's favor. The result is that Brown may be held liable for the losses while being allowed no deductions for them. Brown faced a sort of procedural "whipsaw" in this case as well. In responding to the government's motion for summary judgment, he argued against the government's theory by defending his right to pursue alternative claims. The motion was granted, however, on different grounds—grounds that Brown could have rebutted if given the opportunity.

Because there remains a genuine issue of material fact, the judgment of the district court appealed from in no. 90–1539 is RE-VERSED and the cause is REMANDED for further proceedings not inconsistent with this opinion. Appeal no. 90–1795 is DISMISSED as moot.