12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Irving L. CROSS, Plaintiff/Appellant,
v.
David G. SANDAHL and Howard A. Peters, III, Defendants/Appellees.
 No. 92-3256.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 22, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Irving Cross filed a complaint in which he alleged that prison officials violated his civil rights by making him move to a different cell in order to place two white inmates in his cell, then moving him to segregation when he disagreed. He also alleged that upon returning from segregation he discovered that some of his personal property was missing. The district court dismissed his complaint pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 2
 The district court may dismiss a complaint as frivolous under Sec. 1915(d) if its factual allegations and legal conclusions lack an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the district court's determination for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992).
 
 
 3
 We agree with the district court's determination that Cross did not have a constitutionally protected liberty interest in remaining in a particular cell. Furthermore, the documents Cross attached to his complaint indicate that he received the protections required by Wolff v. McDonnell, 418 U.S. 539 (1974), in his disciplinary proceeding. As for his claim of missing property, the district court properly determined that Cross could not bring the claim in federal court under Sec. 1983 because he had an adequate remedy in the Illinois Court of Claims. 705 ILCS 505/8(d); Hudson v. Palmer, 468 U.S. 517, 530-36 (1984).
 
 
 4
 Cross alleges in his brief that prison officials discriminated against him because they had a policy of segregating inmates by race; however, Cross did not allege racial discrimination in his complaint. After filing his notice of appeal, Cross filed a post-judgment motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and he raised claims of racial discrimination. The district court denied the motion. A district court has jurisdiction to deny a Rule 60(b) motion even though a notice of appeal has been filed. Brown v. United States, 976 F.2d 1104, 1111 (7th Cir.1992). Cross did not appeal from the court's denial of his motion filed under Rule 60(b), Reed v. Amax Coal Co., 971 F.2d 1295, 1301 (7th Cir.1992) ("This circuit requires a separate notice for the denial of a motion under Rule 60(b).").
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs