993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carlton L. SMITH, Plaintiff-Appellant,
v.
Marvin RUNYON,[1]
Postmaster General, Defendant-Appellee.
 No. 92-2110.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 17, 1993.
Rehearing and Rehearing En Banc
Denied June 21, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In this Title VII suit, Carlton Smith missed the deadline to file an administrative appeal from the adverse, final agency decision of the Postal Service. Smith appealed pro se in the district court. In separate orders from which he now appeals, the district court granted summary judgment in favor of the Postmaster General and denied his motion for a temporary restraining order, preliminary injunctive relief, or mandamus. We affirm.
 
 
 2
 * Smith received the final agency decision on October 13, 1989, which instructed him that he could appeal to the Equal Employment Opportunity Commission's Office of Review and Appeals (ORA) within 20 calendar days of his receipt of the decision. See 29 C.F.R. § 1613.233(a). The letter also warned Smith that failure to comply with the limitations period could result in the rejection of his administrative appeal. Smith waited until November 5, 1989, beyond the 20-day limit, to mail his appeal. The ORA dismissed Smith's appeal after finding that he had failed to submit any justification for extending the 20-day deadline. A subsequent decision denied Smith's request to reopen the appeal. Finding that the ORA had acted within its discretion, the district court granted the Postmaster General's motion for summary judgment and denied Smith's motion for injunctive or mandamus relief.
 
 II
 
 3
 We review de novo the district court's grant of summary judgment and draw all reasonable inferences in favor of the nonmoving party. Brown v. United States, 976 F.2d 1104, 1007 (7th Cir.1992). Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 4
 The record shows that Smith received the final agency decision on October 13, 1989. The time limit for filing a notice of appeal to the EEOC is 20 days. 20 C.F.R. § 1613.223(a); McGinty v. U.S. Dept. of Army, 900 F.2d 1114, 1117 (7th Cir.1990). The postmark on Smith's appeal is November 5, 1989, more than 20 days after he received word of the final agency decision. He concedes that he filed late. Appellant's Reply Brief, filed Nov. 25, 1992, at 8. So no genuine issue exists regarding Smith's failure to file his appeal in a timely fashion.
 
 
 5
 Title VII's time requirements, however, are statutes of limitation, not jurisdictional prerequisites. Irwin v. Veterans Admin., 498 U.S. 89 (1990); Rennie v. Garrett, 896 F.2d 1057 (7th Cir.1990). As such, a plaintiff may defeat a motion for summary judgment by raising the equitable principles of estoppel and tolling as defenses to late filing. In addition to arguing that he is entitled to such relief, Smith appears as well to assert that the continuing violation doctrine works in his favor. While Smith's briefs demonstrate considerable research and familiarity with these equitable doctrines, his arguments ultimately are unpersuasive because he fails to present any facts that satisfy the well-delineated requirements of each defense.
 
 
 6
 Equitable estoppel requires a plaintiff to show that the defendant mislead him by lulling him into the false belief that he need not take action to preserve his rights. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451-52 (7th Cir.1990), cert. denied, 111 S.Ct. 2916 (1991). No such deception occurred here. The final agency decision of the Postal Service spelled out in plain English the availability of appeal, its deadlines, and the consequences of tardy action.
 
 
 7
 By contrast, equitable tolling enables a plaintiff to elude the statute of limitations if he shows that, despite reasonable diligence, he could not have discovered information essential to his claim. The missing information in equitable tolling is not, as in the discovery rule, awareness of the injury itself, but rather knowledge that is "necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant." Cada, 920 F.2d at 451. Equitable tolling therefore has no bearing on Smith's situation because he is attempting to defend his lateness in appealing from an adverse decision by the EEOC, not his inability to initiate the administrative process in the first instance. Smith's argument also fails under the broader view that equitable tolling "may apply where the claimant has vigorously pursued his action, but has inadvertently missed deadlines due to his or her lack of sophistication with the procedural requirements of Title VII claims." Rowe v. Sullivan, 967 F.2d 186, 192 (5th Cir.1992). Smith's copious filings and briefs display that he was sophisticated enough to understand the straightforward time limit in question.
 
 
 8
 To the extent that Smith makes a case for the continuing violation doctrine, it is a non sequitur. The continuing violation doctrine gives plaintiffs a reprieve from the statute of limitations by coupling a discriminatory act for which relief no longer is available to a discriminatory act that may be the basis for a timely suit. "For purposes of the limitation period, courts treat such a combination as one continuous act that ends within the limitations period." Selan v. Kiley, 969 F.2d 560, 564 (7th Cir.1992). As with equitable tolling, the continuing violation doctrine allows for the initiation of claims beyond the usual limitations period. But because Smith missed the deadline for appeal, the continuing violation doctrine offers him no defense.
 
 
 9
 In sum, Smith did nothing to preserve his claim. When a claimant fails to exercise due diligence to preserve legal rights, the court need not overlook what boils down, essentially, to a garden variety instance of inexcusable neglect. Cf. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). Because there is no genuine issue disputing the fact that Smith filed his appeal late, the district court correctly granted summary judgment.
 
 
 10
 All that remains is Smith's challenge to the denial of his request for a temporary restraining order as well as for injunctive and mandamus relief. He asked the district court to stop the Postal Service from changing his job shift, responsibilities, and "detail" assignments until resolution of the case and pending EEOC proceedings. Also, Smith alleged that he had lost important duties and that an employee with less seniority had been assigned a "detail". In addition, he stated that his shift assignment had changed from days to midnights in retaliation for his discrimination action.
 
 
 11
 We have no jurisdiction to review the denial of the temporary restraining order. Geneva Assurance Syndicate Inc. v. Medical Emergency Services Ass'n, 964 F.2d 599, 600 (7th Cir.1992) (per curiam). Mandamus is an "extraordinary remedy" that a court can invoke only when each of three elements is present: (1) the plaintiff has a clear right to the relief he seeks; (2) the defendant has a plainly-defined and peremptory duty to do the act in question; (3) no other adequate remedy is available. Scalise v. Thornburgh, 891 F.2d 640, 648 (7th Cir.1989), cert. denied, 494 U.S. 1083 (1990). By any of these measures, Smith missed the mark. To take but one--the third requirement--other adequate remedies were available to Smith, namely the action under way at the time he asked for mandamus. For that reason Smith also could not obtain a preliminary injunction. Someone seeking that remedy must demonstrate "the inadequacy of a remedy at law", among other conditions. See, e.g., JAK Productions Inc. v. Wiza, 986 F.2d 1080, 1084 (7th Cir.1993).
 
 
 12
 The decision of the district court is AFFIRMED, and Smith's motion objecting to the district court's denial of a motion to reconsider is denied as MOOT.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). Smith filed such a motion. After examining the briefs and record, we conclude that oral argument is unnecessary
 
 
 [1]
 Pursuant to Federal Rule of Appellate Procedure 43(c)(1), we have substituted Marvin Runyon for his predecessor